## A95A2328. EATON v. THE STATE.
(469 SE2d 740)

BLACKBURN, Judge.

Garland Hal Eaton appeals from the trial court's order denying his plea of former jeopardy filed by his present counsel. On February 24, 1994, in executing search warrants at Eaton's residence, agents of the Appalachian Drug Task Force seized $4,334 in U. S. currency, numerous weapons, and a Uniden Bearcat 50 channel scanner. The affidavit supporting the search warrant alleged violations of the Georgia Controlled Substances Act occurring on various dates. Subsequently, the State brought an in rem civil forfeiture action against the seized personalty pursuant to OCGA § 16-13-49 (o). The trial court granted judgment for the State therein on late December 22, 1994, entering a disposition order allowing the sale of the seized property. On February 28, 1995, true bills of indictment were returned against Eaton by the Lumpkin County grand jury alleging violations of the Georgia Controlled Substances Act occurring on the same dates used in the

affidavit to support the search warrant. Eaton filed a plea of former jeopardy, which was denied.

In his sole enumeration of error, Eaton contends that the trial court erred by denying his plea of former jeopardy. Eaton's answer to the forfeiture complaint filed by his former counsel, however, was dismissed by the trial court because: it was not verified; it failed to state the nature and extent of Eaton's interest in the property; it failed to state the date, identity of the transferor, and circumstances of Eaton's acquisition of his interest in the property; and it did not state the specific provision of the Code section relied upon nor state the essential facts supporting each assertion of claim. The record fails to reflect any appeal by Eaton of the dismissal of his answer. Such failure conclusively established the correctness of the trial court's ruling.

To raise a valid double jeopardy claim based on an earlier in rem forfeiture, a defendant must first file an effective answer claiming an interest in the property forfeited. See *Waye v. State*, 219 Ga. App. 22 (464 SE2d 19) (1995). Eaton failed to file an effective answer to the forfeiture complaint claiming an interest in the property forfeited. Accordingly, the trial court did not err in denying Eaton's plea of former jeopardy.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 27, 1996 —
RECONSIDERATION DENIED MARCH 12, 1996 —

*McDonald & Cody, Douglas W. McDonald, Sr., Douglas W. McDonald, Jr., P. Gerald Cody, Jr.,* for appellant.

*Albert F. Taylor, Jr.,* District Attorney, *Darrell E. Wilson,* Assistant District Attorney, *Gary D. Bergman,* for appellee.