## A96A1325. GANONG v. THE STATE.
(477 SE2d 324)

POPE, Presiding Judge.

Defendant Thomas Ganong appeals from the Hall County Superior Court's denial of his plea of autrefois acquit. Because defendant has already been acquitted in Forsyth County of the same offense alleged in the Hall County indictment, we reverse the trial court's denial of defendant's plea in bar.

In June 1994, defendant allegedly raped a woman on a houseboat on Lake Lanier. This lake forms the boundary between Forsyth, Hall, and Gwinnett Counties; and a Forsyth County grand jury indicted defendant in November 1994, with venue based on OCGA § 17-2-2 (f).[1] When the Forsyth County prosecutor was preparing for trial in January 1995, however, the victim took him to the site of the alleged rape, and after consulting with several others, he concluded that the site was actually in Hall County rather than Forsyth County. He informed Hall County and ceased his prosecution of the case, but did not dismiss the indictment.

The Forsyth prosecutor also communicated his conclusion to defendant, who refused to waive the venue issue and filed a speedy trial demand under OCGA § 17-7-170. After two terms passed in which juries qualified to try him were impaneled but he was not tried, defendant moved for a judgment of acquittal. At the hearing on the motion, the State argued that such a judgment would be inappropriate because venue in Forsyth County was improper, but despite an opportunity to do so, it failed to introduce any evidence to show that venue in Forsyth County was improper. The trial court in Forsyth County then entered a judgment of acquittal, necessarily finding that venue in Forsyth was proper; and that judgment was affirmed by this Court in *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

---

[1] OCGA § 17-2-2 (f) provides: "Whenever a stream or body of water is the boundary between two counties, the jurisdiction of each county shall extend to the center of the main channel of the stream or the center of the body of water; and, if a crime is committed on the stream or body of water and it cannot be readily determined in which county the crime was committed, the crime shall be considered as having been committed in either county."

See also *Bond v. State*, 212 Ga. App. 608, 609 (442 SE2d 482) (1994) (entry of nolle prosequi does not prevent defendant from claiming benefits of OCGA § 17-7-170).

In the meantime, defendant was indicted in Hall County for the same offense. After the judgment of acquittal was entered in Forsyth County, defendant entered this plea. The Hall County court denied the plea, relying on *Schiefelbein v. State*, 258 Ga. 623 (373 SE2d 354) (1988), in which the Supreme Court held that jeopardy does not attach (and thus double jeopardy concerns do not preclude a second trial on the same offense) if a criminal defendant is first tried in a county in which venue is improper. But unlike the situation in *Schiefelbein*, the venue issue in this case has already been actually and necessarily adjudicated against the State and affirmed on appeal. See *Ganong*, 221 Ga. App. at 250-251. The State argues that this prior adjudication of the issue should not be binding because it did not have the opportunity to present evidence to support its lack of venue argument in the Forsyth County case. Our reading of the record shows, however, that the State had the opportunity to present evidence of lack of venue in the earlier case and simply failed to do so, and such a conclusion is implicit in our holding in the prior appeal. See id. Thus, the Hall County court's willingness to allow the State a second chance to litigate the venue question was contrary to principles of collateral estoppel. See OCGA § 9-12-40; *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995). It follows that the trial court erred in denying defendant's plea of autrefois acquit.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED SEPTEMBER 27, 1996 —
RECONSIDERATION DENIED OCTOBER 11, 1996 — ■

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Lydia J. Sartain, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.