## S97A0799. GOURLEY v. THE STATE.
(486 SE2d 342)

HUNSTEIN, Justice.

On October 11, 1995, the Henry County Grand Jury returned indictment number 95-CR-0473 against appellant Gary Gourley charging him with murder, felony murder, and aggravated assault. The State subsequently discovered that a member of the grand jury was a convicted felon. Gourley was notified of this defect and he filed a motion to quash the indictment. Before any action was taken on Gourley's motion to quash, he was indicted by a second grand jury on the same charges as contained in indictment number 95-CR-0473. Gourley filed a motion to quash the second indictment again alleging that a convicted felon served on the grand jury. On March 11, 1996, the State filed motions to nolle prosequi both the first and second indictments; the trial court consented. On March 13, 1996, the grand jury returned a third indictment against Gourley which contained the same language found in the two previous indictments. At arraignment, Gourley filed a plea of former jeopardy under OCGA § 17-7-53.1 claiming prosecution on the third indictment is barred by the State's entry of nolle prosequi to the two previous indictments. The trial court denied Gourley's plea and he appeals. We find OCGA § 17-7-53.1 inapplicable under the facts of this case and affirm.

1. OCGA § 17-7-53.1 provides:

> If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant

or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation.

Gourley urges this Court to equate the "quashing" of an indictment "by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion" with the State's exercise of its discretion not to further prosecute an indictment. See OCGA § 15-18-9 (authorizing State to enter nolle prosequi on terms prescribed by law). This we refuse to do. Section 17-7-53.1 acts as a bar to prosecution on a third indictment for the same offense if the trial court has quashed two prior indictments in response to specific matters raised by either the defendant or on the court's own motion. Nothing in § 17-7-53.1 evidences an intent to include actions initiated by the State in the enumerated matters giving rise to application of the statutory bar to future prosecution. Indeed, to interpret § 17-7-53.1 to bar future prosecution upon the State's entry of two nolle prosequi would require us to ignore the limiting language "motion . . . or other pleading of the defendant or by the court's own motion" and distort the meaning of the statute, thereby violating the rule of construction requiring us to interpret a statute so as to give meaning to all of its parts. See *Gilbert v. Richardson*, 264 Ga. 744 (3) (452 SE2d 476) (1994).

Although two indictments had been brought against Gourley and nolle prosequi entered, neither the first nor the second indictment was quashed as a result of action by Gourley or on the court's own motion. Accordingly, the trial court correctly ruled that § 17-7-53.1 was not a statutory bar to Gourley's prosecution under the third indictment. *Redding v. State*, 205 Ga. App. 613 (2) (423 SE2d 10) (1992).

2. Because we find OCGA § 17-7-53.1 inapplicable where the previous indictments are nolle prossed by the State, we do not address the State's argument that Gourley's motions to quash were not timely filed.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997 —
RECONSIDERATION DENIED JULY 17, 1997.

*Wolfe & Steel, Brian Steel,* for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.