## A01A1361. THE STATE v. DORSEY.
(555 SE2d 141)

SMITH, Presiding Judge.

This is the State's second appeal regarding the third bill of indictment against Jarius Dorsey for vehicular homicide by driving under the influence. The State appeals the trial court's order quashing Count 2 of the indictment. Because OCGA § 17-7-53.1 bars further prosecution for this charge, we affirm.

The underlying procedural facts are not disputed by the parties. On September 17, 1998, the Fulton County grand jury returned indictment Y-11325, charging Dorsey with one count of vehicular homicide by violating OCGA § 40-6-391, two counts of driving under the influence, driving with a suspended license, and no proof of insurance.[1] Dorsey filed a motion to quash the vehicular homicide count on the ground that it did not identify the subsection of OCGA § 40-6-391 relied upon by the State. With the consent of the State, the trial court quashed this count of the indictment. A second indictment, 00SC03072, was returned on March 17, 2000, charging Dorsey with homicide by vehicle in the first degree "through the violation of

---

[1] As Dorsey points out, the State has failed to ensure that the record in either of its appeals contains a copy of the first indictment, Y-11325. But the parties do not dispute that the first indictment simply alleged that vehicular homicide was committed "through the violation of OCGA § 40-6-391, driving while under the influence." Dorsey is incorrect in his assertion that the record does not contain a copy of the second indictment, 00SC03072.

OCGA § 40-6-391 (A) (1) [sic], driving under the influence of alcohol (less safe)," homicide by vehicle in the first degree "through the violation of OCGA § 40-6-391 (A) (4) [sic], driving while under the influence," two counts of driving under the influence, no proof of insurance, and driving with a suspended license.

Dorsey filed two pleas of former jeopardy and motions to quash Count 1 of indictment 00SC03072 for defects in language. On March 27, 2000, the trial court granted Dorsey's motion to quash Count 1 and also quashed Count 2, the second count of vehicular homicide, with the consent of the parties because it cited the wrong Code subsection. On April 19, the trial court vacated its order with respect to Count 1. In this order, the trial court noted that "Count Two of the second Bill of Indictment has been quashed twice and, therefore, cannot be reindicted. OCGA § 17-7-53.1 (quashing of second grand jury indictment bars further prosecution)." The State attempted to appeal this portion of the trial court's order, but the appeal was dismissed as premature.

On January 9, 2001, Dorsey was indicted for a third time on two counts of vehicular homicide, two counts of driving under the influence, no proof of insurance, and driving with a suspended license. Dorsey again filed a plea of former jeopardy based on OCGA § 17-7-53.1, and the trial court quashed Count 2 of indictment 01SC00251, alleging vehicular homicide "through the violation of OCGA § 40-6-391 (a) (5) (driving with an unlawful alcohol concentration)." From this order, the State appeals.

OCGA § 17-7-53.1 provides:

> If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation.

"OCGA § 17-7-53.1 operates as a statutory bar to a prosecution on a third indictment for the same offense, where, as here, the trial court has quashed two prior indictments thereon. [Cit.]" *Evans v. State,* 217 Ga. App. 548, 550 (458 SE2d 357) (1995).[2]

The State contends that the three counts in question are not

---

[2] This Code section does not apply to a prior accusation, *State v. Roca,* 203 Ga. App. 267, 268 (416 SE2d 836) (1992), or to a prior nolle prosequi on the motion of the State. *Gourley v. State,* 268 Ga. 235, 236 (1) (486 SE2d 342) (1997).

" 'true bills' . . . on the same offense, charge, or allegation," because the offense of vehicular homicide is supported in each case by reference to a different subsection of OCGA § 40-6-391. But this proposed interpretation ignores the plain language of OCGA § 17-7-53.1, which refers to an "offense," a "charge," or an "allegation" in the disjunctive. While the *allegations* in each indictment varied, all referred to the same *offense* of homicide by vehicle through violation of OCGA § 40-6-391, as defined by the precise language of OCGA § 40-6-393 (a). The State also argues that the indictments are not "the same offense, charge, or allegation" because of the defective language in the first two indictments, relying on the law demanding precision in an indictment. This argument is without merit; whether the prior indictments were sufficient to withstand demurrer is irrelevant to the application of OCGA § 17-7-53.1. Moreover, if either of the earlier indictments had been precise in its language, no motion to quash would have been necessary or granted, and the statutory bar to prosecution would not have been at issue in this case.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 9, 2001.

*Paul L. Howard, Jr., District Attorney, Maura F. Krause, Anna E. Green, Assistant District Attorneys*, for appellant.
*Brian Steel*, for appellee.