A03A1548, A03A1549. THE STATE v. ALLEN (two cases).
(586 SE2d 378)

RUFFIN, Presiding Judge.

In separate appeals, the State challenges the trial court's orders quashing an accusation charging Craig Allen with several misdemeanors and granting Allen's motion to prohibit further prosecution. For reasons that follow, we affirm the order quashing the accusation, but reverse the ruling prohibiting further prosecution.

The record reveals that, on September 28, 2000, Allen, a Georgia State Trooper, received a telephone call from his daughter, who told him that boys at a local high school were "trying to jump on her." Dressed in street clothes, Allen drove to the school in his personal vehicle. Allen's daughter and others directed him to a car driven by Jason Prothro. Allen ran to the car, showed his badge to Prothro, and ordered him to stop. When Prothro failed to do so, Allen drew his gun. At that point, Prothro stopped, stepped out of the car, and approached Allen, who pushed him in the chest when he got "too

---

[4] (Footnotes omitted.) *In the Interest of J. W. L.*, 242 Ga. App. 749 (531 SE2d 169) (2000).

close for [Allen's] comfort." Ultimately, Allen determined that Prothro had not committed a crime and allowed him to leave.

Following the incident, the State indicted Allen for simple battery, simple assault, and aggravated assault on Prothro, as well as pointing a gun or pistol at Prothro. Allen moved to quash the indictment, arguing that the State violated OCGA § 17-7-52 by not allowing him to appear before the grand jury. The trial court granted Allen's motion.

On September 27, 2002, the State grew concerned that the limitation period for the misdemeanor offenses was expiring and charged Allen by accusation with simple battery, two counts of simple assault, and pointing a gun or pistol at another.[1] Allen moved to quash the accusation, again asserting that the State failed to comply with OCGA § 17-7-52. The trial court agreed, quashed the accusation, and also granted Allen's motion to bar further prosecution for any offense relating to the September 28, 2000 incident.

## Case No. A03A1549[2]

1. In this appeal, the State challenges the trial court's order quashing the accusation. We find no error.

Under OCGA § 17-7-52 (a):

Before an indictment against a present or former peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in [OCGA §] 45-11-4.

Included among those rights is "the right to appear before the grand jury to make such sworn statement as [the officer] shall desire at the conclusion of the presentation of the [S]tate's evidence."[3] The requirements of OCGA § 17-7-52 (a) apply to felonies and misdemeanors, and "no such prosecution shall proceed either in state or superior court without a grand jury indictment."[4] Undoubtedly, the State failed to follow these procedures when it charged Allen by accu-

---

[1] The State also re-presented the entire case to the grand jury in November 2002, but received a "no bill."

[2] For ease of discussion, we will address these appeals in reverse order.

[3] OCGA § 45-11-4 (g).

[4] OCGA § 17-7-52 (b).

sation on September 27, 2002. The question raised by this appeal is whether OCGA § 17-7-52 applies here.

In his motion to quash the initial indictment, Allen argued that the alleged crimes occurred during the performance of his duties as a state trooper, bringing the case within OCGA § 17-7-52. Although the State disputed Allen's claim, the trial court determined that Allen was acting as a state trooper when he confronted Prothro and quashed the indictment. The State did not appeal that ruling.

Faced with Allen's motion to quash the accusation, the State argued yet again that Allen was not performing his official duties on September 28, 2000. It raises a similar argument on appeal. The trial court, however, decided that issue adversely to the State when it granted Allen's original motion to quash. And although authorized to appeal under OCGA § 5-7-1 (a) (1),[5] the State elected not to challenge the ruling, rendering it conclusive.[6]

The State cannot continue to litigate the issue of whether Allen was performing his official duties at the time of the incident. As we have noted, "the same issue cannot be relitigated *ad infinitum*."[7] It follows that the trial court properly quashed the accusation.[8]

*Case No. A03A1548*

2. We agree with the State, however, that the trial court erred in granting Allen's motion to bar further prosecution. In its order, the trial court relied on the prosecutory bar set forth in OCGA § 17-7-53.1, which provides:

> If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer,

---

[5] See *State v. Epps*, 267 Ga. 175-176 (476 SE2d 579) (1996) (State may file a direct appeal from an order quashing an indictment).

[6] See *Eaton v. State*, 220 Ga. App. 578, 579 (469 SE2d 740) (1996) (failure to appeal dismissal of answer in civil forfeiture proceeding "conclusively established the correctness of the trial court's ruling").

[7] *Horton v. State*, 189 Ga. App. 370 (375 SE2d 668) (1988).

[8] See *Martin v. State*, 228 Ga. App. 548, 552 (492 SE2d 307) (1997) (because defendant failed to appeal order by habeas corpus court, he could not relitigate issues relating to that ruling, regardless of whether the ruling was correct); *Ganong v. State*, 223 Ga. App. 163, 164 (477 SE2d 324) (1996) (State not permitted to relitigate issue of venue); *Albert v. State*, 180 Ga. App. 779, 784 (5) (350 SE2d 490) (1986) (" '[A] criminal judgment is res judicata of every fact in issue which is actually or necessarily adjudicated by that judgment.' "); OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.").

special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation.

The record shows that the preconditions for the statutory bar have not been met. The grand jury has returned only one "true bill" in this case. And although the trial court quashed that indictment, no second "true bill" has been returned or quashed. Rather, the trial court dismissed an accusation charging Allen with the misdemeanor offenses.

Allen argues that the quashed accusation is equivalent to an indictment, thus satisfying OCGA § 17-7-53.1. He points out that the requirements of OCGA § 17-7-52 apply to both felonies and misdemeanors.[9] He further notes that, under OCGA § 17-7-70.1 (a) (2), "[a]ll laws relating to rights and responsibilities attendant to indicted cases shall be applicable to cases brought by accusations signed by the district attorney."

As an initial matter, we question whether OCGA § 17-7-70.1, a provision relating primarily to felonies charged by accusation, applies here. Not only does this case involve a misdemeanor accusation, but a "district attorney may not bring an accusation pursuant to [OCGA § 17-7-70.1] where the grand jury has heard evidence or conducted an investigation."[10] The grand jury certainly heard evidence relating to the misdemeanor offenses before returning the first indictment.

Furthermore, "[t]he cardinal rule of statutory interpretation is to look to the intent of the General Assembly."[11] Even if OCGA § 17-7-70.1 applies, neither that provision nor OCGA § 17-7-52 negates the express language of OCGA § 17-7-53.1, which focuses solely on indictments. Nothing in OCGA § 17-7-53.1 allows a quashed accusation to trigger the prosecutory bar.

The legislature clearly intended to limit the use of this bar to cases in which a trial court quashes two indictments. And we have previously refused to extend the provision to defendants charged by accusation.[12] Our Supreme Court has also declined to expand the statute's application beyond its plain language.[13] Under these cir-

---

[9] See OCGA § 17-7-52 (b).

[10] OCGA § 17-7-70.1 (d).

[11] *State v. Griffin*, 268 Ga. 540, 542 (491 SE2d 340) (1997).

[12] *State v. Roca*, 203 Ga. App. 267, 268 (416 SE2d 836) (1992) (noting that "[t]he provisions of OCGA § 17-7-53.1 do not explicitly apply to accusations"); see also *State v. Dorsey*, 251 Ga. App. 788, 789, n. 2 (555 SE2d 141) (2001) (OCGA § 17-7-53.1 "does not apply to a prior accusation").

[13] See *Griffin*, supra at 542-543 (rejecting argument that prosecution was barred following quashing of two indictments in two different counties because "OCGA § 17-7-53.1

cumstances, the trial court erred in granting Allen's motion to bar further prosecution.[14]

*Judgment reversed in Case No. A03A1548. Judgment affirmed in Case No. A03A1549. Smith, C. J., and Miller, J., concur.*

DECIDED AUGUST 12, 2003 —

David McDade, District Attorney, Christopher R. Johnson, Pamela D. Brophy, Assistant District Attorneys, for appellant.

Frank C. Winn, Bert W. Cohen, for appellee.

---

applies only when two quashed indictments originate in the grand jury of a single county"); *Gourley v. State*, 268 Ga. 235, 236 (1) (486 SE2d 342) (1997) (despite State's entry of nolle prosequi on two prior indictments, OCGA § 17-7-53.1 did not bar prosecution on third indictment because "neither the first nor the second indictment was quashed as a result of action by [the defendant] or on the court's own motion").

[14] See *Roca*, supra; see also *Griffin*, supra; *Gourley*, supra.