A05A0840. ELIAS v. THE STATE.
(613 SE2d 157)

BLACKBURN, Presiding Judge.

Pleading guilty in 1997 to giving a false name to an officer,[1] Julian Elias, a foreign national, filed no appeal but rather served his misdemeanor sentence of 12 months probation. Six years later, he moved the trial court to modify[2] his now-completed sentence to a period of less than twelve months, so as to facilitate his efforts to become a naturalized citizen.[3] After an evidentiary hearing, the trial court denied the motion, and Elias moved for a new trial on this ruling, which the trial court after a second evidentiary hearing also denied. Elias appeals the denial of his motion for new trial. We affirm.

Without addressing whether a motion for new trial was the proper procedural vehicle for seeking review of the ruling on the motion to modify, we hold that the trial court did not abuse its discretion in denying the motion for new trial on the matter. See OCGA § 5-5-25 (court to exercise sound legal discretion in determining motions for new trial). Here, in denying the motion to modify, the court considered the facts that the sentence had long since been served, that six years had run since sentencing, and that the sentence was within the statutory guidelines for misdemeanors. See OCGA § 17-10-3 (a) (1). The same considerations formed the basis for the court's decision to deny the motion for new trial on the matter. We

---

[1] OCGA § 16-10-25.

[2] OCGA § 17-10-3 (b) (sentencing courts retain jurisdiction to modify misdemeanor sentences at any time).

[3] Some evidence indicated that the federal government considered any charge carrying a sentence of 12 months or more as an aggravated felony and thus as cause for denial of permanent residence. Cf. 8 USC § 1101 (a) (43) (S).

discern no abuse of discretion.[4]
   *Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 25, 2005.

*Chatham & Rea, Jeb W. Chatham*, for appellant.
*Roger G. Queen, District Attorney, Joe W. Hendricks, Jr., Clifford A. Sticher, Assistant District Attorneys*, for appellee.

---

[4] We note that much of Elias's brief focuses on arguments that question the voluntariness of Elias's guilty plea. Of course, such arguments are in vain, as Elias has not appealed his conviction nor sought to withdraw his guilty plea (nor could he in light of the time that has expired). See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of judgment); *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (motion to withdraw guilty plea must be filed in term of court in which defendant was sentenced; otherwise, only available through habeas corpus proceedings).