## A05A1137. PAYNE v. THE STATE.
(623 SE2d 668)

PHIPPS, Judge.

Andrew White Payne, Jr. filed several motions seeking relief from recidivist punishment. Pro se, he appeals from the denial of the motions. Because Payne has not demonstrated that any one of his sentences was illegal, we affirm.

The state charged Payne by accusation with four counts of first degree forgery, five counts of second degree forgery, one count of operating a motor vehicle after license suspension or cancellation, and one count of possessing false identification. Payne obtained legal representation and thereafter pled not guilty to each count. Days before the trial date, the state filed and served Payne with an amended accusation, which revised two counts of the original accusation. Count 1, charging a first degree forgery on June 10, 2003, was amended to change the date of that crime to June 10, 2000 and to add language that "the identity of the person committing this crime was unknown until April 4, 2003 and therefore the applicable statute of limitations was tolled during this time period." Count 2, also charging a first degree forgery, was amended to change the name of the business where the writing was uttered and delivered from "Slatton's Package Store" to "Sherrer's Store."

On the scheduled trial date, Payne withdrew his pleas of not guilty, and a guilty plea hearing was held. The prosecutor announced that the state was proceeding on the amended accusation and set forth factual bases for entry of Payne's guilty pleas to three counts of first degree forgery and one count of second degree forgery as charged in the amended accusation. Payne's attorney reported to the court that she had explained to Payne the charges against him and that she believed that Payne understood the elements of the charges. Payne confirmed that the charges had been explained to him and that he had no further questions about them. The court asked Payne, "[Did] you in fact commit[ ] the offenses with which you are charged and which you propose to plead guilty to[?]" Payne answered, "Yes, sir." After considering Payne's responses to its additional questioning, the court accepted Payne's guilty pleas as voluntarily and knowingly entered.

The prosecutor sought recidivist punishment, introducing evidence of Payne's numerous prior felony convictions.

On September 10, 2004, the court entered judgment of conviction and sentence on the charges to which Payne had pled guilty. Payne was sentenced as a recidivist to serve ten years in prison on one count of first degree forgery, two consecutive years in prison on another count of first degree forgery, five years in prison concurrent with the ten years for a third count of first degree forgery, and five years in prison concurrent with the ten years for the count of second degree forgery. The court granted the state's motion to nolle prosequi the seven remaining counts of the amended accusation.

Within two weeks, Payne filed a pro se "motion to modify or reduce sentence and or vacate and set aside," the first of several pro se post-conviction pleadings seeking relief from the terms of imprisonment. The trial court denied each of Payne's motions.

1. Payne contends that Count 2 of the amended accusation was an entirely new charge and that, because he was not granted a continuance, he was deprived of due process.

Payne concedes that he was served with the amended accusation, and the record shows that he was present at the guilty plea hearing when the prosecutor announced that the state was proceeding on the amended accusation and then set forth factual bases consistent with the amended accusation. Payne filed no demurrer; nor did he seek a continuance. Instead, he confirmed that he understood all charges to which he was pleading guilty and then entered pleas of guilty.

Under these circumstances, Payne waived any claim that proceeding on the amended accusation deprived him of his due process rights.[1] Thus, this contention can form no basis for concluding that any one of his sentences was illegal.

2. Payne contends that the trial court violated OCGA § 17-7-71 (f) by failing to advise him that he was entitled to an automatic continuance because the original accusation had been amended.

OCGA § 17-7-71 (f) pertinently provides,

*Prior to trial*, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation. . . . On motion, the court shall grant

---

[1] See *Martin v. State*, 277 Ga. 227, 228 (3) (587 SE2d 650) (2003).

the defendant a continuance which is reasonably necessitated by an amendment. If any additional charges against the defendant are made the judge shall advise the defendant that he or she has an automatic right to a continuance.[2]

Payne's reliance on that Code provision is misplaced. Pretermitting whether it is applicable where the contested charge in an accusation is a felony, not a misdemeanor,[3] the Code provision is unavailing to Payne because it applies only where the defendant is exercising his right to a trial. In entering pleas of guilty, Payne waived that right. He therefore cannot now claim that he was entitled to a continuance of what he had waived. This contention forms no basis for concluding that any one of Payne's sentences was illegal.

3. Payne contends that the trial court should have probated or suspended his sentences.[4] Each of Payne's sentences was within applicable statutory limits.[5] "This Court will not review for legal error any sentence within the statutory limits, and any question of excessiveness should be addressed by the sentence review panel as provided in OCGA § 17-10-6."[6]

4. Payne asserts numerous additional arguments essentially refuting that his guilty pleas were voluntarily and knowingly entered. But Payne did not present these arguments in any of his post-conviction motions to the trial court. Furthermore, Payne did not appeal his convictions and did not seek to withdraw his guilty pleas (nor can he do so now, in light of the time that has passed since his convictions).[7] Under these circumstances, Payne may pursue these arguments only through habeas corpus proceedings.[8]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[2] (Emphasis supplied.)

[3] See generally *State v. Allen*, 262 Ga. App. 724, 727 (2) (586 SE2d 378) (2003) (recognizing that OCGA § 17-7-70.1 relates primarily to felonies charged by accusation); OCGA § 17-7-70.1 (a) (2) ("[a]ll laws relating to rights and responsibilities attendant to indicted cases shall be applicable to cases brought by accusations").

[4] See OCGA § 17-10-7 (a).

[5] OCGA §§ 16-9-1 (b); 16-9-2 (b); 17-10-7.

[6] *King v. State*, 269 Ga. App. 658, 662 (5) (605 SE2d 63) (2004) (citation omitted).

[7] See OCGA § 5-6-38 (a) (notice of appeal must be filed within 30 days of entry of judgment); *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (motion to withdraw guilty plea must be filed in term of court in which defendant was sentenced). The record shows that Payne was sentenced in Wilkes County during the term of court that commenced in August 2004, and that the trial court signed the order from which Payne appeals on the first Monday in November 2004, after the expiration of the term of court that commenced in August 2004. See OCGA § 15-6-3 (40) (F) (providing a new term of court commences in Wilkes County on the first Mondays in February, May, August, and November).

[8] See *Elias v. State*, 272 Ga. App. 506, 507, n. 4 (613 SE2d 157) (2005); see also *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005).

DECIDED OCTOBER 27, 2005 —
RECONSIDERATION DENIED NOVEMBER 30, 2005 —

Andrew W. Payne, Jr., *pro se.*
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney*, for appellee.