S09G1927. ADAMS v. THE STATE.
(696 SE2d 676)

CARLEY, Presiding Justice.

After a jury trial, Appellant Tavins Lee Adams was found guilty of child molestation, aggravated child molestation, aggravated sod-

omy, and enticing a child for indecent purposes. All crimes arose out of a single incident between Adams and a minor child while both were in a parked car. After the trial court merged the aggravated child molestation count into the aggravated sodomy count, Adams was initially sentenced to consecutive 20-year terms of imprisonment for child molestation, aggravated sodomy, and enticing a child for indecent purposes, totaling 60 years. Adams subsequently moved for a new trial, arguing that the separate convictions for child molestation and aggravated sodomy should have been merged during sentencing. The trial court granted the motion for new trial in part, ruling that the child molestation count merged into the conviction for aggravated sodomy. After a second sentencing hearing, Adams was sentenced to 30 years for aggravated sodomy and to a consecutive 20-year term for enticing a child for indecent purposes, resulting in an aggregate sentence of 50 years.

Adams appealed to the Court of Appeals contending, among other things, that the trial court impermissibly modified his sentence for aggravated sodomy because the new sentence of 30 years was more severe than the original sentence of 20 years. *Adams v. State*, 299 Ga. App. 39, 42 (4) (681 SE2d 725) (2009). The Court of Appeals noted that "[p]ursuant to *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), a trial court is limited in its ability to increase a defendant's sentence upon resentencing." *Adams v. State*, supra. However, in a whole court unanimous opinion, the Court of Appeals affirmed Adams' new sentence, holding that it was not more severe because the new aggregate sentence for all of his convictions was ten years fewer than the initial aggregate sentence. *Adams v. State*, supra at 43 (4). Relying on *Alabama v. Smith*, 490 U. S. 794, 799-800 (109 SC 2201, 104 LE2d 865) (1989), and *Curry v. State*, 248 Ga. 183, 186 (4) (281 SE2d 604) (1981), the Court of Appeals also held that "because the trial court granted Adams' request to merge his conviction for child molestation, contrary to the request of the state, immediately prior to resentencing Adams, there is no reasonable likelihood that the sentence was the product of actual vindictiveness." *Adams v. State*, supra.

1. We granted certiorari to consider the appropriate analysis for determining whether a trial court's resentencing of a defendant results in a more severe sentence under *North Carolina v. Pearce*, supra. In that case, the Supreme Court of the United States held that

> [d]ue process of law . . . requires that vindictiveness against
> a defendant for having successfully attacked his first con-
> viction must play no part in the sentence he receives after a
> new trial. . . . [Therefore,] whenever a judge imposes a more

severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.

*North Carolina v. Pearce*, supra at 725-726 (II) (C). Thus, the Court created a presumption of vindictiveness whenever a more severe sentence is imposed after a new trial, "which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin*, 457 U. S. 368, 374 (II) (102 SC 2485, 73 LE2d 74) (1982). The Supreme Court, however, in subsequent cases, has narrowed its holding in *Pearce*, stating that due process does not require an absolute bar on the increase of sentences after reconviction or resentencing, but seeks only to prevent "increased sentences when that increase was motivated by vindictiveness on the part of the sentencing judge." *Texas v. McCullough*, 475 U. S. 134, 137 (II) (106 SC 976, 89 LE2d 104) (1986). The evil sought to be prevented was "vindictiveness of a sentencing judge . . . rather than simply enlarged sentences after a new trial." *Texas v. McCullough*, supra at 138 (II).

In the present case, Adams, in a motion for new trial, requested the merger of the child molestation charge into the aggravated sodomy count for sentencing purposes. The trial court itself granted the merger request and ordered a new sentencing hearing, which resulted in the sentence now at issue. In *Texas v. McCullough*, supra, under similar facts, the Supreme Court of the United States held that the *Pearce* presumption was inapplicable. The Supreme Court stated that where the trial court itself concludes that an error has been made and grants a motion for new trial, there exists

no basis for a presumption of vindictiveness. . . . "(U)nlike the judge who has been reversed," the trial judge here had "no motivation to engage in self-vindication." [Cit.] . . . In granting [the defendant's] new trial motion, [the trial court] went on record as agreeing that his "claims" had merit. Presuming vindictiveness on this basis alone would be tantamount to presuming that a judge will be vindictive towards a defendant merely because he seeks an acquittal. . . . The presumption of *Pearce* does not apply in situations where the possibility of vindictiveness is this speculative, particularly since the presumption may often "operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct," [cit.].

*Texas v. McCullough*, supra at 138-139 (II). The dissent claims that the Supreme Court held the *Pearce* presumption inapplicable in *Texas*

*v. McCullough*, supra, not only because the trial judge herself ruled that an error had been made that warranted a new sentence but also because different sentencers were involved and there were nonvindictive reasons on the record. However, the Supreme Court clearly makes an initial holding of the inapplicability of the *Pearce* presumption based solely on the fact that the trial judge herself concluded that there was error. The Supreme Court states that this fact alone creates a situation "where the possibility of vindictiveness is [too] speculative" for the *Pearce* presumption to apply, and, in fact, "not even 'apprehension of [vindictiveness] on the part of the sentencing judge' [cit.], could be present in this case." *Texas v. McCullough*, supra at 139 (II). The Supreme Court did not discuss the different sentencers involved in the case or the nonvindictive reasons on the record until after this initial holding and prefaced the subsequent discussion by describing it as an additional reason that the *Pearce* presumption was inapplicable in the case. *Texas v. McCullough*, supra at 140 (II). See also *Rock v. Zimmerman*, 959 F2d 1237, 1257 (VI) (3rd Cir. 1992) (stating that the Supreme Court in *Texas v. McCullough*, supra, held the *Pearce* presumption inapplicable where the trial court itself granted the defendant's motion for new trial and also held that the fact that the case involved two different sentencers was "an alternative, independent basis for finding the *Pearce* presumption inapposite"), overruled on other grounds, *Kontakis v. Beyer*, 19 F3d 110, 116, fn. 9 (II) (C) (3rd Cir. 1994). Therefore, as held by the Supreme Court, the *Pearce* presumption of vindictiveness is inapplicable where the trial court itself concludes that an error has been made that warrants a new sentence. See also *Curry v. State*, supra (holding that, where the trial judge, recognizing his own error, increased a defendant's sentence upon resentencing, "there is no suggestion of vindictiveness against the defendant for having exercised any legal right").

In the present case, therefore, since the trial court itself ordered a new sentencing hearing upon a partial grant of the motion for new trial filed by Adams, the *Pearce* presumption is inapplicable. Compare *Chambers v. State*, 213 Ga. App. 414, 418 (5) (444 SE2d 820) (1994) (distinguishing *Texas v. McCullough*, supra, where the new sentence "came about because the trial judge herself concluded that it was required"). Thus, the new sentence imposed on Adams is proper, and the judgment of the Court of Appeals is affirmed.

2. Although our holding above resolves the *Pearce* presumption analysis in the present case, we also address the question upon which we granted certiorari in this case, which was to consider the appropriate analysis for determining whether a trial court's resentencing of a defendant results in a more severe sentence under *North Carolina v. Pearce*, supra. Although the Supreme Court of the United States has not spoken on this issue, a number of federal and state

appellate courts have addressed it and have developed several approaches to aid a trial court's determination. The vast majority of federal and state appellate courts that have addressed this issue have adopted the aggregate approach, which requires a court to "compare the total original sentence to the total sentence after resentencing. If the new sentence is greater than the original sentence, the new sentence is considered more severe." *United States v. Campbell*, 106 F3d 64, 68 (I) (B) (5th Cir. 1997). See also *United States v. Pimienta-Redondo*, 874 F2d 9, 15-16 (II) (B) (1st Cir. 1989); *Kelly v. Neubert*, 898 F2d 15, 18 (3rd Cir. 1990); *United States v. Gray*, 852 F2d 136, 138 (I) (4th Cir. 1988); *United States v. Sullivan*, 967 F2d 370, 374 (II) (B) (1) (10th Cir. 1992); *United States v. Mancari*, 914 F2d 1014, 1022 (III) (7th Cir. 1990); *United States v. Bay*, 820 F2d 1511, 1514 (II) (9th Cir. 1987); *Tice v. State*, 475 S2d 589, 590 (Ala. Crim. App. 1984); *People v. Hill*, 230 Cal. Rptr. 109, 111 (Cal. App. 1986); *White v. State*, 576 A2d 1322, 1329 (IV) (Del. 1990); *State v. Keefe*, 573 A2d 20, 22 (Me. 1990); *State v. King*, 750 NW2d 674, 678 (Neb. 2008); *State v. Martin*, 973 A2d 56, 60 (II) (Vt. 2009). Two federal courts of appeal have adopted a "remainder aggregate" approach that compares "the district court's aggregate sentence on the nonreversed counts after appeal with the original sentence imposed on those same counts before appeal." *United States v. Campbell*, supra. See also *United States v. Monaco*, 702 F2d 860, 884-885 (V) (B) (11th Cir. 1983); *United States v. Markus*, 603 F2d 409, 413 (2d Cir. 1979). Only a handful of our sister state courts have adopted the pure count-by-count approach, which requires a court to compare the sentences on each count of an indictment separately. *Wilson v. State*, 170 P3d 975, 981 (Nev. 2007). See also *People v. Sanders*, 827 NE2d 17, 22 (I) (Ill. App. 2005).

One reason cited by the majority of courts that have adopted the aggregate approach is that this analysis "best reflects the realities faced by [trial] judges who sentence a defendant on related counts of an indictment." *United States v. Campbell*, supra. "[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the [trial] court will craft a disposition in which the sentences on the various counts form part of an overall plan." *United States v. Pimienta-Redondo*, supra at 14 (II) (B). In Georgia, our statutory law and decisional jurisprudence permit a sentencing judge to consider all lawfully presented factors of the crimes committed and the characteristics of the defendant convicted so that the sentence assigned properly fits both the crime and the criminal. See OCGA § 17-10-2 (a) (1); *Bishop v. State*, 268 Ga. 286, 295 (16) (486 SE2d 887) (1997). Such " 'factors underlying the original sentence in a multiple count case are not necessarily altered when a defendant successfully appeals his conviction on one count. . . .' [Cit.]" *State*

*v. Keefe*, supra. For example, in the present case, the merger of the child molestation count into the aggravated sodomy count

> in no way decreased [Adams'] culpability or called into question the sentencing judge's assessment of the scope of the necessary punishment. Rather, the deficiency in [Adams'] original . . . sentencing was purely formal and did not undermine the sentencing judge's intentions.

*State v. Martin*, supra at 59 (I). Thus, in such a situation, a trial judge should have the power to thoroughly reconsider all of the relevant factors in order to effect its original sentencing intentions and to ensure that the punishment fits the crime and the criminal.

Moreover, the purpose underlying the *Pearce* presumption is not served in a case where the new sentence is the same or less severe than the initial sentence. The *Pearce* Court stated that the threat of imposing a heavier sentence upon reconviction or resentencing was that it "would, with respect to those still in prison, serve to 'chill the exercise of basic constitutional rights.' [Cits.]" *North Carolina v. Pearce*, supra at 724 (II) (C). Thus, "[t]he rule is a prophylactic one, addressed more to protect future litigants who appeal than to the injustice done in the actual case." *United States v. Campbell*, supra at 67 (I) (A). Therefore, the *Pearce* presumption was meant to apply in those cases where the increase in punishment would serve as a deterrent to those seeking to appeal their own convictions, but fear an increased sentence in retaliation. A situation where the resentencing results in the same sentence or a lighter sentence in the aggregate would not serve as a deterrent to future litigants. Thus, the *Pearce* presumption is not applicable.

The dissent concludes that the count-by-count approach is the more appropriate method to determine when the *Pearce* presumption should apply. However, in reaching its conclusion, the dissent relies on wholly inapplicable authority and improperly utilizes a state statutory framework. For example, the dissent cites *Anthony v. Hopper*, 235 Ga. 336 (219 SE2d 413) (1975) as precedent for its decision. In *Anthony*, however, the resentencing resulted by way of a remand from the habeas court, whereas in the present case, the trial court itself granted the defendant's motion for new trial based on a sentencing error. As discussed above, this distinction is significant because the Supreme Court has held the *Pearce* presumption inapplicable where the trial court itself orders a new sentence. *Texas v. McCullough*, supra. Furthermore, the *Anthony* court completely failed to analyze the detrimental effects, discussed above, that the count-by-count approach will have on the sentencing process.

The dissent also mistakenly relies heavily on the reasoning in

*State v. Saxon*, 846 NE2d 824 (Ohio 2006), as persuasive authority for its adoption of the minority count-by-count approach. However, the issue before the *Saxon* court was not whether a resentencing was more severe so as to trigger the *Pearce* presumption, but whether an Ohio state appellate court may modify or vacate an entire sentence if the defendant only challenges a part of the sentence of a multiple count conviction. *State v. Saxon*, supra at 826. Thus, the *Saxon* court's opinion resolved a question entirely of state law. Absolutely no federal constitutional issues were discussed. Moreover, the Ohio Supreme Court has subsequently narrowed its holding in *Saxon*. In *State v. Whitfield*, 922 NE2d 182 (Ohio 2010), the issue before the Supreme Court of Ohio was the proper procedure once an appellate court determines that two offenses should have been merged for sentencing. *State v. Whitfield*, supra at 188. The court determined that the trial court should vacate the sentences of both offenses and remand for a new sentencing hearing on only one offense. The court distinguished its own *Saxon* decision by stating that it involved multiple counts whereas the *Whitfield* case involved merged offenses. *State v. Whitfield*, supra at 189, fn. 2. Similar to *Whitfield*, the present case involves a resentencing due to merger. Thus, if we were to follow the Ohio court's reasoning, as the dissent suggests in its opinion, then the imposition of a new sentence after the merger was proper in this case, and the decision below is properly affirmed.

The dissent's references to various state statutes, such as the mandatory sentencing scheme in OCGA § 17-10-6.1 for an offense that amounts to a "serious violent felony," and Georgia's recidivist statute, OCGA § 17-10-7, are not relevant as the statutes have no constitutional implications in this context. In *Monge v. California*, 524 U. S. 721 (118 SC 2246, 141 LE2d 615) (1998), the Supreme Court of the United States held that it was constitutionally proper for a reviewing court to remand a criminal sentence for retrial on the enhancements of a sentence under a recidivist statute, even after a reviewing court has vacated the previous sentence due to insufficient evidence underlying the enhancements. *Monge v. California*, supra at 726 (I), 734 (II). Since the Supreme Court ruled that it is constitutionally proper to completely retry whether a vacated criminal sentence should be enhanced under a recidivist statute, then alteration on remand of a sentence previously enhanced by a recidivist statute should also be constitutionally proper. Furthermore, *Monge* fully answers the dissent's double jeopardy concerns. "[T]he general rule [is] that double jeopardy principles have no application in the sentencing context. [Cit.]" *Monge v. California*, supra at 730 (II).

The Double Jeopardy Clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." [Cit.] Consequently, it is a "well-established part of our constitutional jurisprudence" that the guarantee against double jeopardy . . . [does not restrict] the length of a sentence imposed upon retrial after a defendant's successful appeal. [Cits.]

*Monge v. California,* supra at 729-730 (II).

Finally, the count-by-count approach would limit a trial court's discretion in crafting just and proper sentences. Under this approach, the trial court must always be aware of the risk that part of its sentence on a multiple count indictment may be reversed or vacated and, thus, it will endeavor to ensure that each sentence on each count will, standing alone, effectuate its entire sentencing intention. Such concerns by the trial court will operate to tilt "the sentencing scales steeply in favor of concurrent sentences[,]" *State v. Martin,* supra, which will only constrain trial courts from fashioning appropriate sentences based on the facts of each crime and the characteristics of each offender. Furthermore, the defendant's due process rights are sufficiently protected by the fact that he is entitled to have his new sentence vacated if he proves actual vindictiveness. *Texas v. McCullough,* supra at 138 (II).

Due to real world considerations and the minimal likelihood of vindictiveness, we hold that the *Pearce* presumption of vindictiveness is not triggered unless the new sentence, in the aggregate, is more severe. In the present case, Adams was sentenced for child molestation, aggravated sodomy, and enticing a child for indecent purposes. His initial sentence would have resulted in a total of 60 years in prison. After the grant of Adams' own request to merge the conviction of child molestation into the conviction of aggravated sodomy, he was resentenced to a total of 50 years in prison. Under the aggregate approach, the new sentence was significantly less severe and, thus, the *Pearce* presumption does not arise. Therefore, Division 4 of the Court of Appeals' opinion is correct for both reasons stated therein.

*Judgment affirmed. All the Justices concur, except Melton, J., who concurs in Division 1 and in the judgment and Hunstein, C. J., and Benham and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

I respectfully dissent because the opinion of the majority endorses an analysis by the Court of Appeals which is diametrically opposed to the precedent of this Court and which is incompatible

with the established criminal jurisprudence of this State.

We granted certiorari to the Court of Appeals in *Adams v. State,* 299 Ga. App. 39 (681 SE2d 725) (2009), to consider the sole issue of the appropriate analysis for determining whether a trial court's resentencing of a defendant results in a more severe sentence under *North Carolina v. Pearce,* 395 U. S. 711 (89 SC 2089, 23 LE2d 656) (1969), and thereby, to examine the propriety of the Court of Appeals's adoption of an "aggregate approach." We did so because the Court of Appeals's approach is at odds with the unanimous and unequivocal determination by this Court in *Anthony v. Hopper,* 235 Ga. 336, 337 (1) (219 SE2d 413) (1975), that the "count-by-count" analysis is the appropriate methodology to assess any increased severity of punishment upon resentencing.

As noted by the majority, the defendant in this case, Tavins Lee Adams, was found guilty of child molestation, aggravated child molestation, aggravated sodomy, and enticing a child for indecent purposes. All charges arose from a single incident against the 11-year-old daughter of a friend. The trial court merged the conviction for aggravated child molestation into the conviction for aggravated sodomy for the purpose of punishment and sentenced Adams to 20 years in prison for each of the remaining three counts, a total of 60 years. The trial court granted, in part, Adams's motion for new trial by merging, for the purpose of sentencing, his conviction for child molestation into his conviction for aggravated sodomy; Adams was resentenced to 30 years in prison for aggravated sodomy and 20 years for enticing a child for indecent purposes, a total of 50 years.

Adams appealed to the Court of Appeals, claiming, inter alia, that the trial court impermissibly increased his sentence for aggravated sodomy because the sentence imposed upon resentencing was more severe than his original sentence. *Adams v. State,* supra at 42 (4). The Court of Appeals recognized that, pursuant to *North Carolina v. Pearce,* a trial court is limited in its ability to increase a defendant's sentence upon resentencing, and that a presumption of vindictiveness may apply when a more severe sentence is imposed on resentencing. *Adams v. State,* supra at 42 (4). Citing *Alabama v. Smith,* 490 U. S. 794, 799-800 (109 SC 2201, 104 LE2d 865) (1989), the Court of Appeals further recognized that this presumption is limited to cases

> in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

Id. at 42-43 (4).

Thus, the threshold determination must be the severity of a defendant's resentence relative to the original punishment imposed. The Court of Appeals found that the severity of Adams's sentence was not increased because the trial court initially sentenced him to an aggregate of 60 years in prison and later resentenced him to an aggregate of 50 years in prison for counts arising out of the same indictment. *Adams v. State,* supra at 43 (4). The Court further stated that there was no reasonable likelihood that the sentence resulted from actual vindictiveness because, immediately before Adams's resentencing, the trial court granted his request to merge his conviction for child molestation. Id. In utilizing the "aggregate approach," the Court of Appeals acknowledged that in *Anthony v. Hopper,* this Court applied a "count-by-count" approach in determining that a defendant's sentence had been increased in the situation in which the trial court had eliminated a three-year sentence on one count but added three years to the defendant's sentence on another count. *Adams v. State,* supra at 43 (4). However, it attempted to distinguish that case by noting that in *Anthony v. Hopper,* the defendant had initially been sentenced for multiple counts arising out of two separate incidents, and that it had already determined in *Blake v. State,* 272 Ga. App. 402, 404 (1) (612 SE2d 589) (2005), "that *Anthony* may not be applicable if the trial court initially sentenced the defendant under a 'comprehensive sentencing scheme' for multiple counts arising out of the same facts and circumstances."

The analysis and conclusion of the Court of Appeals is fatally flawed. Yet, the majority follows its lead. First, the majority concludes that Adams's resentence is "proper" and affirms the judgment of the Court of Appeals based upon its finding that the *Pearce* presumption of vindictiveness is inapplicable inasmuch as the trial court brought about the new sentence with its partial grant of a motion for new trial. To reach this conclusion, the majority relies upon *Texas v. McCullough,* 475 U. S. 134 (106 SC 976, 89 LE2d 104) (1986), which it represents as having "similar facts." But, the facts are anything but similar. In *Texas v. McCullough,* the defendant was tried before a jury, convicted of murder, and was sentenced by the jury to 20 years. The trial judge then granted the defendant's motion for a new trial on the basis of prosecutorial misconduct. The defendant was retried before a jury, with the same trial judge presiding, and again was found guilty; however, in contrast to his first sentencing, the defendant elected to have the judge rather than the jury determine punishment, and the judge imposed a 50-year sentence. The judge issued express findings of fact about the more severe sentence, explaining that on retrial there was additional

evidence of the defendant's culpability, including the testimony of new witnesses which directly implicated the defendant in the commission of the murder and revealed that the defendant had been released from prison only four months prior to the murder. Furthermore, the *Pearce* presumption was held inapplicable, inter alia, because different entities, the jury and the trial judge, assessed the varying sentences, and the second sentencer, i.e., the trial judge, provided an on-the-record, logical, and non-vindictive reason for the longer sentence. That is hardly the situation in Adams's case. In granting in part Adams's motion for new trial, the trial court apparently did what it was legally obligated to do because of the factual merger of the two crimes at issue; it was not a matter of judicial discretion. And, the Court of Appeals did not identify any new evidence on retrial relating to Adams's culpability or any reason given by the trial court on resentencing to explain or attempt to justify the substantially harsher punishment.

The majority glosses over the absence of the critical circumstances present in *Texas v. McCullough,* and thus deems them of no legal consequence, including the trial judge's rationale for the increased sentence. But, the significance of such circumstances has been recognized by the Court of Appeals itself. See *Chambers v. State*, 213 Ga. App. 414, 418 (5) (444 SE2d 820) (1994). Indeed, just recently, the Court of Appeals unequivocally stated that *Pearce* requires the trial court to include in the record an affirmative statement of the reasons for the increase in punishment upon resentencing, and that those reasons support the imposition of the harsher penalty. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Even if the presumption does not come into play, the issue of the legally correct yardstick for determining whether the severity of punishment has been increased remains relevant under *Pearce* because "[w]here the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *Texas v. McCullough* at 138 (II). There is no question that the presumption of vindictiveness is limited; however, finding the presumption inapplicable begs the question in this appeal. Whether the defendant Adams will ultimately prevail is not determinative.

In *Anthony v. Hopper,* the petitioner entered guilty pleas under two separate indictments, one charged him with two counts of the sale of heroin on August 3 and 8, 1972, and the other accused him of possession of heroin on August 3, 1972. He was sentenced to a five-year concurrent term for each of the sale counts and a five-year term for possession, to serve three years consecutive to the concurrent sentences, with the remaining two years suspended. *Anthony v. Hopper*, supra at 336. Consequently, the petitioner was sentenced to serve a total of eight years. Id. A habeas court determined that the

petitioner could not receive multiple sentences for lesser-included offenses involved in a single transaction and ordered the remand of his case to the trial court for resentencing as to either the August 3 sale or the August 3 possession, with the five-year sentence for the August 8 sale remaining in place. Id. Consequently, the trial court issued a nunc pro tunc order resentencing the petitioner to an eight-year term for the August 3 sale. Id. at 337. In a subsequent habeas proceeding, the petitioner contended, inter alia, that the trial court was not authorized to increase the penalty on one indictment so that it equaled the total penalty imposed formerly on the two indictments. Id. Citing *North Carolina v. Pearce*, this Court noted that while there was no absolute constitutional bar to imposing a more severe sentence upon resentencing, it was impermissible for vindictiveness to be the motivation, and that the threshold step in the analysis was to ascertain whether the petitioner's sentence was, in fact, increased. This Court then unequivocally determined that the petitioner's sentence had indeed been increased because the term of his punishment on the sale count had been extended from five years to eight years. *Anthony v. Hopper*, supra at 337 (1). It was of no moment to the analysis that the petitioner's aggregate term of imprisonment remained the same. The severity of his sentence was unquestionably increased.

In *Blake v. State*, supra, the Court of Appeals recognized and applied this Court's clear endorsement of the "count-by-count" methodology for the purpose of *North Carolina v. Pearce*. It expressly acknowledged that,

> [t]he first question to be answered is whether [the defendant's] sentence was, in fact, increased, because the *Pearce* presumption applies only when a judge imposes a more severe sentence on resentencing. [Cit.] The answer in this case turns on whether severity of the new sentence is judged on a count-by-count basis or in the aggregate on all counts.
>
> In *Anthony*, the Supreme Court of Georgia held that even though Anthony's new sentence was the same as the aggregate of his original sentence on multiple counts, where the sentence for an individual count had increased from five years to serve to eight years to serve, his sentence had been increased for the purpose of *Pearce*. [Cit.] Accordingly, under *Anthony*, we look to the individual counts to answer the question.

*Blake v. State*, supra at 403 (1) (citations and punctuation omitted). Nevertheless, the Court of Appeals then sought to justify the reasoning and results of two of its earlier cases, *Alvarado v. State*,

248 Ga. App. 810 (547 SE2d 616) (2001), and *Duffey v. State*, 222 Ga. App. 802 (476 SE2d 89) (1996), by explaining that the cases involved "multiple count indictments" arising from the same circumstances and a "comprehensive sentencing scheme." *Blake v. State*, supra at 404 (1). It concluded that those cases "suggest that the *Pearce* presumption may not be applicable . . . where some subset of the counts are lost on appeal, so long as the aggregate sentence on all counts does not increase upon resentencing." But, this conclusion by the Court of Appeals brings confusion to this area of the law and is incompatible not only with this Court's prior resounding adoption of the "count-by-count" approach as a threshold to the *North Carolina v. Pearce* analysis but with the established jurisprudence of this State. To the extent that *Blake v. State,* and the cases discussed therein suggest the propriety of or approve an "aggregate approach" in the context of *North Carolina v. Pearce,* they should be overruled. But instead, the majority endorses such antithetical approach.

The states are split on the appropriate analysis in assessing the severity of a resentencing of a defendant, with, as the majority notes, a number of foreign jurisdictions and some of the federal courts adopting an "aggregate approach" or a variation thereof. But, sister states that have confirmed the appropriateness of the "count-by-count" assessment have done so out of deference to and in accord with their state statutory and case law.[1] This Court should follow suit. The "count-by-count" methodology is consistent with the general rule of Georgia criminal law "that when individual acts are prohibited, each act is punished separately." *Pryor v. State*, 238 Ga. 698, 700 (1) (234 SE2d 918) (1977), disapproved on other grounds in *Montes v. State*, 262 Ga. 473, 475 (1) (421 SE2d 710) (1992); *Russell v. State*, 243 Ga. App. 378, 382 (5) (532 SE2d 137) (2000). Similarly, the Supreme Court of Ohio rejected the consideration of resentences in the aggregate, or as a "sentencing-package" because in that state, as in Georgia, a judge sentencing a defendant is to consider each offense separately for the purpose of assessing punishment. *State v. Saxon*, 846 NE2d 824, 829 (Ohio 2006). The *Saxon* court logically looked to its own state criminal law rather than to the federal scheme to resolve the question of appropriate methodology.

The scrutiny of each criminal charge, in the context of multiple criminal charges, is crucial in assessing the concerns of placing an individual in jeopardy of life or liberty more than once for the same offense. See Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII. The procedural and substantive bars against double jeopardy, respec-

---

[1] See, e.g., *Fasenmyer v. State*, 457 So2d 1361 (Fla. 1984); *People v. Sanders*, 827 NE2d 17 (Ill. App. 1st Dist. 2005); *State v. Saxon*, 846 NE2d 824 (Ohio 2006).

tively, are embodied in our state statutory scheme in OCGA § 16-1-8 and in OCGA § 16-1-7. *Howard v. State*, 301 Ga. App. 230, 231 (687 SE2d 257) (2009). This includes the legislative imposition of a rule of criminal res judicata. OCGA § 16-1-7 (b); *Drinkard v. Walker*, 281 Ga. 211, 214 (636 SE2d 530) (2006). Furthermore, in the context of a criminal judgment, the judgment is res judicata with regard to "every fact in issue which is actually or necessarily adjudicated by that judgment." *State v. Allen*, 262 Ga. App. 724, 726 (1), n. 8 (586 SE2d 378) (2003); OCGA § 9-12-40. This has broad implications for the rights of a criminal defendant on appeal because ordinarily, the appellate court's "determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal." *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128) (2009) (citation and punctuation omitted).

The concept of distinct and discreet consideration of criminal charges in imposing punishment resonates throughout our criminal code. As Adams points out, his case is a prime example of the important implications of the sentence levied for each criminal charge. A conviction for aggravated sodomy, by itself, now carries unique legal significance because the General Assembly has set such crime apart as a "serious violent felony," subject to a mandatory sentencing scheme and probation and parole restrictions. See OCGA § 17-10-6.1 (a) (6), (b) (2) (D). The concept of the importance of assessing each criminal count for the purpose of sentencing is starkly evident when the crimes involved result in the defendant being subject to sentencing under Georgia's recidivist statute. See OCGA § 17-10-7.

So too, this Court recently affirmed that for the purpose of an Eighth Amendment proportionality analysis, the focus must be on the sentence imposed for each specific crime, not on the cumulative sentence, noting that,

> [i]f a proportionality review were to consider the cumulative effect of all the sentences imposed, the result would be the possibility that a defendant could generate an Eighth Amendment disproportionality claim simply because that defendant had engaged in repeated criminal activity. . . . [F]or purposes of the Eighth Amendment . . . , proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively.

*Rooney v. State*, 287 Ga. 1 (690 SE2d 804) (2010).

As noted in *State v. Saxon*, supra, an aggregate or "sentencing

package" analysis may be better suited to the federal system, in which there are "many multicount and interrelated sentencing enhancements considered and used by federal judges applying the Federal Sentencing Guidelines." Id. at 827. See also *Wilson v. State*, 170 P3d 975, 978 (Nev. 2007). Simply, our General Assembly has crafted statutes affecting and effecting the sentencing aspects of our criminal law "in a manner that mandates individual consideration of each offense during sentencing and allows meaningful review of the sentence for each offense individually on appeal." *State v. Saxon,* supra at 830. Any adoption of an approach which considers resentencing in the aggregate for the purpose of *North Carolina v. Pearce* "would dismantle that carefully crafted statutory scheme." *State v. Saxon,* supra at 830.

The majority stresses the importance of an approach that best reflects the realities faced by trial judges. Such argument defeats rather than supports the adoption of an aggregate approach because while an aggregate analysis may comport with federal jurisprudence and that of some foreign states, our state trial judges must comply with the mandates of our state sentencing scheme, which unquestionably reflects the count-by-count analysis already adopted by this Court. Our State does not punish crimes in the aggregate, but holds a defendant accountable for each criminal conviction. The majority also makes much of the fact that the merger of offenses on resentencing did not decrease Adams's culpability. But, insofar as that is relevant to this appeal, it did not *increase* his culpability either. And, that is why the significantly harsher sentence (30 years instead of 20) on the remaining charge at issue must be carefully examined on its own.

Finally, the count-by-count approach, which has well-served its purpose since its express adoption in *Anthony v. Hopper*, in no manner limits the trial court in crafting appropriate sentences as claimed by the majority. It is quite the contrary. What it does is help ensure that any resentencing of a defendant is as lawful and just as the original sanctions imposed. It is illogical and contrary to the intent of the General Assembly for this Court to endorse an analysis on review, which is contrary to the methodology that must be utilized by our State judges in originally meting out punishment. The judgment of the Court of Appeals should be reversed and the case remanded to that Court for its reconsideration.

I am authorized to state that Chief Justice Hunstein and Justice Benham join in this dissent.

DECIDED JULY 12, 2010.

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, Daphne H. Jarriel, Assistant District Attorney*, for appellee.

