## 72450. McCLURE v. THE STATE.
### (345 SE2d 922)

BANKE, Chief Judge.

The appellant filed this appeal from his convictions in the Superior Court of Catoosa County of the offenses of kidnapping and aggravated assault. With respect to the latter offense, the indictment charged that the appellant had assaulted the victim with a knife "with intent to rape."

The evidence showed that the appellant and two accomplices abducted the victim at knifepoint from a welcome center off Interstate 75 in Catoosa County and then took her to a location in Whitfield County, where they raped and robbed her. It appears that, prior to the commencement of the trial, the appellant had pled guilty in Whitfield County to charges of rape and armed robbery arising from the same series of events. Following the close of the evidence in the present case, the appellant unsuccessfully sought the dismissal of the aggravated assault charge on the ground that it was based on the

same conduct as the Whitfield County rape charge to which he had pled guilty, contending that to convict him of both would subject him to double jeopardy. The trial court's rejection of this contention forms the sole basis for the present appeal. *Held*:

1. The state's argument that the appellant waived his claim of former jeopardy by failing to assert it in writing prior to trial is without merit. The prohibition against double jeopardy has two separate aspects. The first, embodied by OCGA § 16-1-8, amounts to a prohibition against successive *prosecutions* for the same offense. This has been referred to as the procedural bar against double jeopardy. The second, embodied by OCGA § 16-1-7, amounts to a prohibition against successive *punishments* for the same offense. This has been referred to as the substantive bar against double jeopardy. See *Stephens v. Hopper*, 241 Ga. 596, 598-599 (247 SE2d 92) (1978).

It may be assumed for purposes of argument that the procedural bar against double jeopardy can, at least in some circumstances, be waived by failure to assert it in writing prior to trial. See *Hall v. State*, 103 Ga. 403 (29 SE 915) (1897); *Hooks v. State*, 138 Ga. App. 539 (3) (226 SE2d 765) (1976). However, the applicability of the substantive bar may not even become apparent to an accused or his counsel until after the state has presented its case, for until then it may not be apparent that the state is relying on the same evidence to prove more than one offense. Although the two concepts seem to have been confused on occasion (see, e.g., *Holmes v. State*, 120 Ga. App. 281 (170 SE2d 312) (1969); *Key v. State*, 84 Ga. App. 599 (1) (66 SE2d 773) (1951)), more recent decisions make it clear that the failure to file a written plea of former jeopardy prior to trial will not defeat an accused's right to be free of multiple convictions for the criminal act. See *Clark v. State*, 144 Ga. App. 69 (240 SE2d 270) (1977) (cert. den.). See also *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974) (where habeas corpus relief was granted to a North Carolina defendant who had pled guilty to a felony assault charge after asserting his right to a trial de novo following his conviction in a lower court of a misdemeanor charge based on the same conduct). We consequently hold that no waiver resulted from the appellant's failure to assert his former jeopardy plea prior to trial.

2. We need not actually reach the appellant's contention that the offense of aggravated assault merged with the offense of rape since, regardless of whether it did or did not, it clearly merged with the offense of kidnapping. The evidence presented at trial established that the victim's forcible abduction from the welcome center had been accomplished by the same threatened use of the knife upon which the aggravated assault charge was predicated. The evidence necessary to prove the aggravated assault was thus "used up" in proving the kidnapping, with the result that the former offense became

included in the latter as a matter of fact. Accord *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238) (1977); *High v. State,* 247 Ga. 289, 295 (276 SE2d 5) (1981). See generally *Haynes v. State,* 249 Ga. 119 (2) (288 SE2d 185) (1982); *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974); OCGA § 16-1-6. The aggravated assault conviction is accordingly reversed pursuant to OCGA § 16-1-7 (a) (1).

3. The state's contention that the appellant failed to prove his prior conviction of the rape charge by competent evidence is rendered moot by the foregoing.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1986.

*Ronald C. Goulart,* for appellant.
*David L. Lomenick, Jr., District Attorney, Roland Enloe, Assistant District Attorney,* for appellee.