## A03A2070. THE STATE v. BURRELL.
### (587 SE2d 298)

ELDRIDGE, Judge.

The State appeals from an order of the Superior Court of Bartow County quashing six counts of an indictment against Kirk Neal Burrell. On review, we reverse in part and affirm in part as follows.

Burrell engaged in a high speed pursuit of an Acura automobile after the Acura's driver cut him off in traffic; the chase ended with a collision. Burrell was charged with four counts of "aggressive driving," naming as victims the driver and each of the three passengers in the Acura; in a like manner, he was also charged with four counts of "reckless driving," with each of the occupants of the Acura named as victims. Burrell demurred to the indictment, both specially and generally. He claimed that the offenses of "aggressive driving" and "reckless driving" address solely the manner in which he drove and relate to his indicted conduct of pursuing the Acura, which conduct was unrelated to the individual occupants of the vehicle:

> It's the conduct that's prescribed [sic], not the fact that it relates to the particular individuals in the automobile because the indictment says that he was pursuing a vehicle. It was the act of driving that constitutes a violation of the laws of the state, not — and it doesn't have anything to do with the number of occupants in the automobile.

Burrell argued that the counts of the indictment naming anyone other than the driver of the Acura were subject to demurrer as a matter of law.

The trial court agreed: "his act was directed toward the car and I don't think it's necessary nor proper to identify each particular person in the car." The court issued an order quashing Counts 2-4 of the indictment, naming the passengers of the Acura as victims of "aggressive driving," and quashing Counts 6-8 of the indictment, naming the passengers of the Acura as victims of "reckless driving"; the trial court found, "It is improper to charge the Defendant with

one count of Aggressive Driving and one count of Reckless Driving for each of the occupants in the pursued vehicle." *Held*:

1. In Georgia, the statutory offense of aggressive driving, OCGA § 40-6-397, is a fairly new one.[1] The statute was enacted to address irrational driving behaviors directed at another, i.e., "road rage." Thus, as a specific intent crime with a targeted victim, OCGA § 40-6-397 (a) states in pertinent part,

> A person commits the offense of aggressive driving when he or she operates any motor vehicle with the intent to annoy, harass, molest, intimidate, injure, or obstruct *another person*.[2]

Notably, the statute does not limit the applicability of the offense as going toward "another *driver*"; the legislature could have made this distinction but apparently chose not to. Under OCGA § 40-6-397, the State must show that the indicted acts constituting aggressive driving (in this case, following too closely and overtaking) were committed with the requisite intent directed at a specific person named in the indictment.

Consequently, the trial court erred in concluding OCGA § 40-6-397 "was directed at the car"; an automobile can neither be "annoyed, harassed, molested, intimidated, or injured." Instead, by the plain terms of the statute, the State may indict Burrell for aggressive driving against any or all of the occupants of the Acura and attempt to show that Burrell operated his vehicle with the specific intent to "annoy, harass, molest, intimidate, injure, or obstruct" each person therein.[3] It was error to quash Counts 2-4.

2. No victim need be named in an indictment for "reckless driving" because, unlike the offense of "aggressive driving," reckless driving is not directed toward a specific person. Instead, it is the act of driving in such a manner as to demonstrate a "reckless disregard" for all people or property — generally — whether or not any specific person or property is, in fact, endangered at the time of the indicted act.[4]

> [I]n order to establish a violation of OCGA § 40-6-390, the State needed only to present evidence showing that defend-

---

[1] Ga. L. 2001, p. 208, § 1-7.

[2] (Emphasis supplied.)

[3] A review of the aggressive driving counts of the indictment shows each charges that Burrell did "operate a moving motor vehicle with the intent to intimidate" a named victim and then specifies the prohibited acts of following too closely and overtaking. This was sufficient to charge Burrell with a violation of OCGA § 40-6-397.

[4] OCGA § 40-6-390.

ant drove his car in a manner exhibiting reckless disregard for the safety of persons or property.[5]

Thus, precisely the same reckless acts of driving cannot be punished multiple times by simply naming a different "person or property" that the acts allegedly endangered; indeed, such an indictment could be endless since the public at large is technically endangered by acts of reckless driving. The trial court properly quashed Counts 6-8 of the indictment charging Burrell with the same acts of "reckless driving" directed toward each of the passengers of the Acura.

*Judgment reversed as to Counts 2-4 of the indictment. Judgment affirmed as to Counts 6-8 of the indictment. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 12, 2003.

T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney, for appellant.
Holley & Holley, William P. Holley III, for appellee.

---

[5] (Punctuation and footnote omitted.) *Putman v. State*, 257 Ga. App. 902-903 (572 SE2d 412) (2002).