A08A0093. WINN v. THE STATE.
(660 SE2d 883)

MIKELL, Judge.

Following a superior court bench trial, Andrew Scott Winn was found guilty of aggressive driving.[1] On appeal, Winn contends thatbecause he had previously been convicted in the state court for reckless conduct in connection with the same incident that gave rise

to his aggressive driving conviction, he could not be punished twice for the same conduct in light of the substantive bar against double jeopardy. We disagree because each offense required proof of a fact that the other did not.

The record shows that Winn was accused in the State Court of Decatur County of reckless conduct[2] by, on or about October 28, 2006, in Decatur County,

> endanger[ing] the bodily safety of Henry Cloud, Angela F. Cloud, and their 9[-]year[-]old son by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other persons and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation, all while operating a Jeep Cherokee automobile.

Winn pled guilty to the accusation and was sentenced to 12 months confinement, with 72 hours to serve in jail and the remaining time on probation, and a $1,000 fine.

Winn was subsequently indicted in the Superior Court of Decatur County for, among other things, aggressive driving[3] on October 28, 2006, in that he unlawfully "operate[d] a motor vehicle with the intent to annoy, harass, intimidate and injure another with his aggressive driving on a public road . . . [in] Decatur County." Before trial, Winn filed a plea in bar on the grounds that he had previously been prosecuted for the conduct giving rise to the indictment. The trial court denied the motion, concluding that Winn had waived the issue by pleading to the merits before asserting a plea of former jeopardy.[4] The trial court also found that Winn failed to carry his burden of showing that the prosecutor had actual knowledge that the charges had been filed in another court.[5] Winn does not challenge these findings on appeal.

The evidence adduced at trial showed that on the night of October 28, 2006, Mance Cloud was driving his wife and nine-year-old child home from church when Winn's Jeep approached from

---

[1] The trial court found Winn not guilty of the three other counts for which he was indicted.

[2] OCGA § 16-5-60 (b).

[3] OCGA § 40-6-397 (a).

[4] *Holmes v. State*, 120 Ga. App. 281-282 (1) (170 SE2d 312) (1969) ("[a] plea in bar of trial for former jeopardy must be made in writing upon arraignment, and before pleading to the merits").

[5] *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998) (to prevail on his plea of former jeopardy, defendant bore the burden of showing the proper prosecuting attorney had actual knowledge of all the charges, and defendant failed to do so).

behind at a high rate of speed. Mr. Cloud slowed down to let Winn pass, but Winn kept "riding real close on the tail end." Winn eventually passed the Clouds just before they reached the railroad tracks, "gun[ning] it" and causing his tires to come off the pavement. Mr. Cloud asked his wife to call 911, thinking Winn might be drunk. After passing, Winn stopped "catty-cornered across the road" before backing up, forcing Mr. Cloud to back up as well. The two vehicles sat on the highway for a few minutes before Mr. Cloud was able to get past the Jeep. Winn then pulled beside the Clouds and begin to yell "all kinds of vulgarities" before once again blocking the road and backing his Jeep up. Mr. Cloud tried to avoid Winn by turning off onto a dirt road which connected back onto another highway, but when the Clouds got to the highway they once again encountered Winn, who proceeded to block their passage for a third time. Mr. Cloud eventually navigated his vehicle past the Jeep, and the Clouds did not encounter Winn again. Based on the evidence, the trial court found Winn guilty beyond a reasonable doubt of aggressive driving.

Winn argues that even if the state was not prohibited from pursuing successive prosecutions, he could not be punished twice for the same offense in light of the substantive bar against double jeopardy.

> The prohibition against double jeopardy has two separate aspects. The first, embodied by OCGA § 16-1-8, amounts to a prohibition against successive *prosecutions* for the same offense. This has been referred to as the procedural bar against double jeopardy. The second, embodied by OCGA § 16-1-7, amounts to a prohibition against successive *punishments* for the same offense. This has been referred to as the substantive bar against double jeopardy.[6]

We agree with Winn that, notwithstanding the trial court's finding in its order denying his plea in bar, Winn did not waive his right to raise the substantive bar against double jeopardy.[7] We also agree that in light of the accusation, the indictment, and the evidence adduced at trial that Winn's reckless conduct conviction and his aggressive driving conviction both arose from the same conduct, at least to the extent that they both involved Winn's

---

[6] (Citation omitted; emphasis in original.) *McClure v. State*, 179 Ga. App. 245, 246 (1) (345 SE2d 922) (1986).

[7] See id. ("failure to file a written plea of former jeopardy prior to trial will not defeat an accused's right to be free of multiple convictions for the criminal act") (citations omitted).

interaction with the Clouds, while driving, on October 28, 2006.[8] We disagree, however, that his conviction and sentence for aggressive driving resulted in impermissible successive punishment for the same offense.

OCGA § 16-1-7 (a) provides:

When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

For purposes of determining whether one crime is "included in" another, our Supreme Court[9] recently adopted the "required evidence" test set forth in *Blockburger v. United States*,[10] and, in doing so, disapproved the "actual evidence" test it had previously adopted in *State v. Estevez*.[11] Under the required evidence test "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[12] Thus, "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."[13]

As pertinent here, a person commits the offense of reckless conduct if he or she

causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the

---

[8] The reckless conduct accusation refers to a "Henry" Cloud, and the evidence adduced at Winn's aggressive driving trial showed that the other driver's name was Mance Cloud, but there is no reason to suspect that there was more than one incident involving the Clouds and Winn's Jeep on October 28, 2006, in Decatur County.

[9] *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006).

[10] 284 U. S. 299 (52 SC 180, 76 LE 306) (1932).

[11] 232 Ga. 316 (206 SE2d 475) (1974).

[12] (Punctuation and footnote omitted.) *Drinkard*, supra at 215.

[13] (Punctuation and footnote omitted.) Id.

disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.[14]

Specifically, the accusation alleges that Winn endangered the bodily safety of the Clouds while operating his Jeep on October 28, 2006. The crime of aggressive driving, on the other hand, occurs when a person "operates any motor vehicle with the intent to annoy, harass, molest, intimidate, injure, or obstruct another person."[15] In this case, the indictment accused Winn of committing the offense of aggressive driving by driving with "intent to annoy, harass, intimidate and injure another" on October 28, 2006.

A comparison of the two offenses shows that neither is included in the other. For purposes of the indictment, Winn was charged with committing the offense of aggressive driving by driving with the intent to annoy, harass, intimidate, and injure another, but his conviction for aggressive driving did not require proof of the fact that he endangered the Clouds' bodily safety. The reckless conduct conviction necessarily required that Winn endangered the Clouds' bodily safety while driving his Jeep, but did not require proof of the fact that he drove with the intent to annoy, harass, intimidate and injure another. It follows that each crime requires proof of a fact which the other does not, and so neither offense was included in the other so as to prohibit Winn's conviction of more than one crime arising out of the same conduct.[16]

Winn argues that the evidence that he had been driving his Jeep on October 28, 2006, which was necessarily required to convict him of aggressive driving, had been "used up" by his previous reckless conduct conviction. However, the same fact can be used to convict a person for more than one crime if proof of additional facts not at issue in the other crimes are required for each conviction.[17] Although not specifically argued by Winn, we note that this is not a case where "[t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct,"[18] nor do they differ merely in that

---

[14] OCGA § 16-5-60 (b).

[15] OCGA § 40-6-397 (a).

[16] See *Drinkard*, supra.

[17] As an example, our Supreme Court in *Drinkard*, supra at 217, refers to *Sanford v. State*, 169 Ga. App. 769 (315 SE2d 281) (1984), in which the defendants stood convicted of three crimes arising out of a single act of hunting: "(1) hunting at night with a light exceeding six volts; (2) hunting from a public road; and (3) hunting from a motor vehicle." The crimes did not merge because each crime was established by proof of an additional fact not at issue in the other crimes. Id.

[18] OCGA § 16-1-7 (a) (2).

one requires a less culpable mental state[19] or that one requires only a less serious injury.[20] It follows that Winn was not impermissibly punished when he was convicted and sentenced for the crime of aggressive driving.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 10, 2008.

*Gilbert J. Murrah*, for appellant.

*Joseph K. Mulholland, District Attorney, Michael T. Garrett, Assistant District Attorney*, for appellee.

---

[19] OCGA § 16-1-6 (1).
[20] OCGA § 16-1-6 (2).