A09A1089. HOWARD v. THE STATE.
(687 SE2d 257)

BARNES, Judge.

Michael Howard appeals the separate sentences[1] imposed for his convictions of reckless driving and reckless conduct. Howard contends the trial court erred by failing to merge all three counts into a single conviction of reckless driving, because each arose from the same car chase, a single transaction, each conviction rested on the same evidence, and reckless conduct is itself an element of reckless driving, thereby necessitating merger of the charges. For the reasons that follow, we find no reversible error and affirm.

We review merger issues under OCGA § 16-1-7 (a)[2] de novo. *Cutter v. State,* 275 Ga. App. 888, 889 (1) (622 SE2d 96) (2005). Viewed in the light most favorable to the verdict, the evidence shows that the three charges are connected to a high-speed chase that resulted when Howard failed to stop after a police officer attempted to pull him over. Initially, the officer sought to stop Howard for speeding and reckless driving, and possibly for driving under the influence. When the officer pulled out and turned on his siren and lights, Howard accelerated, maintained high speeds, ran a red light, and almost ran into a car on the road.

Next, he drove into a mobile home park and sped to the end, where he narrowly avoided hitting a young child. Howard jumped out of his car while it was still moving, where the car nearly hit another child playing in the yard. Then, Howard fled on foot and scaled a barbed wire fence, before being captured by police.

---

[1] Howard does not challenge his convictions of these offenses, and he does not challenge his convictions and sentences imposed for fleeing from a police officer, striking a fixed object, noise violation, obstructing an officer, and driving on a suspended license.

[2] When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

The first two counts of the indictment alleged that Howard committed aggravated assaults against the two children "with an object which when used offensively against another is likely to cause serious bodily injury, to wit: a motor vehicle." He was also indicted for reckless driving in that on the same day he "did drive a motor vehicle in a reckless manner, to wit: above the posted speed limit in a residential area and ran a red light failing to yield to oncoming traffic, in a reckless disregard for the safety of persons and property." Although convicting him of reckless driving, the jury did not find Howard guilty of the aggravated assaults, but found him guilty instead of two counts of the lesser included offense of reckless conduct.

Georgia courts now apply the required evidence test. *Drinkard v. Walker*, 281 Ga. 211, 217 (636 SE2d 530) (2006). Under this test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Punctuation omitted.) Id. at 215.

The thrust of Howard's argument is that he cannot be punished twice for the same offense in light of the substantive bar against double jeopardy.

> The prohibition against double jeopardy has two separate aspects. The first, embodied by OCGA § 16-1-8, amounts to a prohibition against successive *prosecutions* for the same offense. This has been referred to as the procedural bar against double jeopardy. The second, embodied by OCGA § 16-1-7, amounts to a prohibition against successive *punishments* for the same offense. This has been referred to as the substantive bar against double jeopardy.

(Citation omitted; emphasis in original.) *McClure v. State*, 179 Ga. App. 245, 246 (1) (345 SE2d 922) (1986).

In this case, reckless conduct under OCGA § 16-5-60 (b) is committed by

> [a] person who causes bodily harm to or endangers the bodily safety of *another person* by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of another person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

(Emphasis supplied.) Reckless driving, however, is defined by

YALE LAW LIBRARY

OCGA § 40-6-390 as driving "any vehicle in reckless disregard for the safety of persons or property."

Thus, reckless conduct requires proof of harm or an actual threat of harm to the bodily safety of another person, and does not require that the crime be committed while driving a motor vehicle. On the other hand, reckless driving does not require that there be an injured or threatened party, but instead merely requires that the State prove a general disregard for the safety of persons or property while driving a motor vehicle. To establish a violation of OCGA § 40-6-390, the State need only prove that the defendant drove his car in a manner exhibiting reckless disregard for the safety of persons or property. *Putman v. State*, 257 Ga. App. 902, 902-903 (1) (a) (572 SE2d 412) (2002). Consequently, an indictment identifying the three passengers as "victims" of defendant's reckless driving was improper. *State v. Burrell*, 263 Ga. App. 207, 209 (2) (587 SE2d 298) (2003).

Therefore, because each Code section has a provision that requires proof of a fact which the other does not, *Drinkard*, supra, 281 Ga. at 215, the two offenses do not merge for sentencing.

Howard's reliance on *Bell v. State*, 284 Ga. 790, 791-792 (671 SE2d 815) (2009), is misplaced. In *Bell*, the Supreme Court of Georgia found that an aggravated assault conviction merged with a murder conviction arising out of the same transaction or conduct. The court reasoned that where the same conduct or action by the defendant, in this case hitting the victim with a tree limb, constituted both aggravated assault and malice murder, the assault conviction, which contains only elements also included in the murder conviction, is not a separate act, and therefore merges into the murder conviction. Id.

Accordingly, the trial court did not err by not merging the crimes for punishment.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 20, 2009.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.