**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 24, 2018**

# In the Court of Appeals of Georgia

A18A0901. DAVIS v. THE STATE.

RAY, Judge.

Dewey Davis appeals the trial court's partial denial of his plea in bar, arguing that the State may not prosecute him for certain 1996 crimes because the statute of limitation has run. We find, however, that a plea in bar is not the proper mechanism for Davis to challenge his pre-indictment detention and, thus, we affirm.

When we review "a trial court's decision on a plea in bar, we conduct a de novo review of the legal issues. Further, we must accept the trial court's findings on disputed facts and witness credibility unless those findings are clearly erroneous." *State v. Bair*, 303 Ga. App. 183 (692 SE2d 806) (2010) (citations omitted).

The trial court found that in 1996, a woman was the victim of a rape, aggravated sodomy, aggravated assault, and burglary. Although the trial court did not

so find, Davis and the State agree that the crimes occurred on June 4, 1996. . The alleged perpetrator was unknown until March 2009, when Davis was identified by DNA evidence. The parties agree that Davis was incarcerated when he was identified, but that he was released from prison in June 2016, and since then has been held on these subsequent charges in the Muscogee County Jail. He has not been indicted.

Davis filed a plea in bar, alleging that the state was barred from prosecuting him for any charges arising from the 1996 crime because the statute of limitation had run. The superior court ruled that the state could not prosecute Davis for aggravated assault or burglary because the four-year statute of limitation had run, but that the state could prosecute Davis for rape and aggravated sodomy because the statute of limitation on those charges had not run.[1] We granted Davis' application for interlocutory appeal, and this appeal followed.

In related enumerations of error, Davis contends that the trial court erred in denying his plea in bar as to the rape and aggravated sodomy charges. We disagree.

A special plea in bar is "[a] plea that, rather than addressing the merits and denying the facts alleged, sets up some extrinsic fact showing why a criminal

_____

[1] The State did not cross-appeal the dismissal of the aggravated assault and burglary charges against Davis, so the propriety of that dismissal is not before this Court.

2

defendant cannot be tried for the *offense charged*." (Emphasis supplied.) Black's Law Dictionary (10th ed. 2014). OCGA § 17-7-110 provides, "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days *after* the date of arraignment, unless the time for filing is extended by the court." (Emphasis supplied). Here, there has been no arraignment. Although Uniform Superior Court Rule 31.1 states that "special pleas shall be made and filed at *or before* the time set by law[,]" the fact remains that there can be no challenge to an indictment through a special plea in bar until there is an indictment filed. (Emphasis supplied).

That is not to say that individuals who allege they are being illegally detained are without recourse to challenge the actions of the State prior to being indicted. A writ of habeas corpus is employed "to ensure that [a] person's imprisonment or detention is not illegal." Black's Law Dictionary (10th ed. 2014). See OCGA § 9-14-1 (a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint."). The purpose of a petition for writ of habeas corpus is not to correct errors of fact, but to determine whether a petitioner's constitutional rights have been violated. *Herrera v. Collins*, 506 U. S. 390, 400 (113 SCt 853, 122 LE2d 203) (1993). Habeas corpus is a civil proceeding and does not function "to determine the guilt or innocence of one

3

accused of crime." (Citations and punctuation omitted.) *Paulk v. Sexton*, 203 Ga. 82, 82 (2) (45 SE2d 768) (1947). Instead, "[a] writ of habeas corpus looks only to the lawfulness of the present confinement." *Balkcom v. Hurst*, 220 Ga. 405, 405 (139 SE2d 306) (1964).

Because Davis alleges that he is being unlawfully detained before the indictment against him has been filed, the proper remedy is to file a petition for writ of habeas corpus. See *Edvalson v. State*, 339 Ga. App. 348, 352 (793 SE2d 545) (2016) ("[I]t is the Fifth Amendment's Due Process Clause . . . that protects a defendant from pretrial punishment. Thus, the appropriate remedy for pretrial punishment . . . is to bring a petition for habeas corpus or other proceeding under the Due Process Clause."). See e. g. *Jones v. Grimes*, 219 Ga. 585, 587 (1) (b) (134 SE2d 790) (1964) (the appropriate remedy for excessive bail is a petition for writ of habeas corpus). That is not the avenue taken by Davis so far; consequently, the trial court did not err in denying Davis's plea in bar because that was not the proper mechanism to challenge his detention. In so holding, we express no opinion as to the legality of Davis' detention or the merits of his argument that the statute of limitations has expired on the prosecution at issue here.

*Judgment affirmed. Rickman, J., concurs. McFadden, P.J., dissents.**

4

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A18A0901. DAVIS v. THE STATE.

MᴄFᴀᴅᴅᴇɴ, Presiding Judge, dissenting.

I respectfully dissent. Davis is being held — but has not been indicted for — a rape and aggravated sodomy that occurred in 1996. The seven-year statute of limitation has expired. His plea in bar was a proper way to challenge his incarceration and was not premature. So the trial court erred in denying it.

1. *Plea in bar*.

I agree with the majority that the Black's Law Dictionary's definition of "plea in bar" is on point: A plea in bar is a plea "that seeks to defeat the . . . prosecutor's action completely and permanently." Black's Law Dictionary (10th ed. 2014). More particularly, a special plea in bar is "[a] plea that, rather than addressing the merits

and denying the facts alleged, sets up some extrinsic fact showing why a criminal defendant cannot be tried for the *offense charged*." Id. (Emphasis added.)

So the issue before us turns on whether Davis has been "charged." He has. A person who has been arrested has been "charged." See OCGA § 17-4-41 ("It is the intent of these requirements [regarding affidavits for arrest warrants] that the accused person shall be informed *of the specific charge against* him and of all basic pertinent particulars pertaining thereto.") (emphasis added); OCGA § 17-7-23 (b) ("Any court, other than a superior court or a state court, to which *any charge* of a violation of Code Section 16-11-126[, concerning possessing and carrying firearms,] is referred for the determination [of probable cause] shall thereafter have and exercise only the jurisdiction of a court of inquiry with respect to the *charge* and with respect to any other criminal violation arising from the transaction on which the *charge* was based and shall not thereafter be competent to try the accused for *the charge* or for any other criminal violation arising from the transaction on which *the charge* was based, irrespective of the jurisdiction that the court otherwise would have under any other law.") (emphasis added); *Jackson v. State*, 225 Ga. 39, 42-43 (165 SE2d 711) (1969) ("the purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury").

According to the majority, Davis's sole remedy is habeas corpus. I agree that habeas is an available remedy. But it is only a partial remedy.

Because the statute of limitation has expired, Davis is entitled to a permanent bar against prosecution of him for these crimes. That is what a plea in bar is for. See *Jenkins v. State*, 278 Ga. 598 (604 SE2d 789) (2004) (addressing the procedure for litigating a plea in bar based upon the statute of limitation).

Contrary to the majority, the writ of habeas corpus is not a sufficient remedy. Such a writ would not address the legality of future prosecutions. Habeas corpus "is instituted for the sole purpose of having the person restrained of his liberty produced before the judge, in order that the cause of his detention may be inquired into and his status fixed." *Simmons v. Ga. Iron & Coal Co.*, 117 Ga. 305, 310 (43 SE 780) (1903). "The sole question to be decided in the habeas corpus proceeding [is] whether the confinement of the prisoner was legal *at the time of the hearing*. Habeas corpus proceedings *cannot be used to test the legality of possible future imprisonment*." *Stynchcombe v. Hardy*, 228 Ga. 130, 131 (1) (184 SE2d 356) (1971) (citations omitted; emphasis added). "[T]he judgment does not fix the rights of any one interested, further than to declare that the person detained must be restored to liberty." *Simmons*, 117 Ga. at 310.

3

2. *The plea in bar was not fatally premature*.

In declaring Davis's plea in bar premature, the majority invents a requirement not supported by existing law. OCGA § 17-7-110 says nothing about a date *before which* a motion may not be filed. It provides, "All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." Neither does Uniform Superior Court Rule 31. It provides, "All motions, demurrers, and special pleas shall be made and filed at *or before* the time set by law unless time therefor is extended by the judge in writing prior to trial." (emphasis added).

I have found no cases suggesting that a plea in bar is premature if filed before indictment. On the contrary, in *State v. Dempsey*, 290 Ga. 763, 765 (1) (727 SE2d 670) (2012), our Supreme Court held that "[u]nder the plain language of [OCGA § 17-7-110], *any* pretrial motion will be considered timely if made *before* ten days after the date of the arraignment." (Emphasis added). OCGA § 17-7-110 establishes the deadline by which a pretrial motion must be filed; it does not establish a starting point before which a pretrial motion may not be filed.

And before OCGA § 17-7-110 was enacted, certain challenges had to be filed prior to indictment. See, e.g., *Thomas v. State*, 239 Ga. 734 (1) (238 SE2d 888)

4

(1977) ("Generally, a challenge to the grand jury composition must arise prior to indictment.") (citation omitted); *Wisdom v. State*, 234 Ga. 650, 659 (217 SE2d 244) (1975) ("Problems regarding preliminary hearings, including a denial of a preliminary hearing, should be raised before indictment and trial to preserve the issues for review on appeal."); *Cornelious v. State*, 193 Ga. 25, 31 (17 SE2d 156) (1941) ("These grounds of objection so raised, in order to present any question for decision, should have been urged before indictment if known, or by plea in abatement after indictment and before final trial."). See also *Dempsey*, 290 Ga. at 764-766 (1).

In short, there is no authority for the proposition that an accused must await indictment to file motions.

Moreover, given the nature of a statute-of-limitation defense — which asserts that an accused may not be prosecuted under the law — it is appropriate to file a plea in bar before indictment. Our Supreme Court in *Heard v. State*, 295 Ga. 559, 564 n.3 (2) (c) (761 SE2d 314) (2014), implied just that when it quoted a United States Supreme Court case, *United States v. Macdonald*, 456 U.S. 1, 6-8 (102 SCt 1497, 71 LE2d 696) (1982), that contrasted the accrual of a Sixth Amendment speedy trial right with a claim under a statute of limitation: "Although *delay prior to* arrest or *indictment may give rise . . . to a claim under any applicable statutes of limitation*[], no Sixth Amendment right to a speedy trial arises until charges are pending." Id.

5

(citations and punctuation omitted; emphasis added). "[T]he applicable statute of limitation[] is the primary guarantee against bringing overly stale criminal charges and so *guards against prejudicial pre-accusation delays*." *Andrews v. State*, 175 Ga. App. 22, 23-24 (332 SE2d 299) (1985) (citation and punctuation omitted; emphasis added). Its purpose "is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." *United States v. Marion*, 404 U.S. 307, 323 (III) (92 SCt 455, 30 LE2d 468) (1971) (citation omitted).

Given that Davis' motion sought to permanently defeat any prosecution of him arising from the 1996 charges, that he was arrested on the charges, that he became aware of the potential statute-of-limitation bar before indictment, and that there is no statutory or case law saying otherwise, there is no reason to require him to await indictment to proceed with his challenge to criminal exposure. So I would reach the merits.

3. *The aggravated sodomy and rape charges are barred*.

I am constrained to conclude that the plain language of certain 2012 comprehensive criminal justice reform legislation mandates that the seven-year statute of limitation in effect at the time of the offenses governs. So both the aggravated assault prosecution and the rape prosecution are barred.

In criminal cases, generally the period of limitation begins to run from the commission of the offense. *State v. Boykin*, 320 Ga. App. 9, 10 (1) (739 SE2d 16) (2013) (citation omitted). But at all applicable times, OCGA § 17-3-2 (2) has provided that the statute of limitation is tolled during any period in which the person committing the crime is unknown. Here, the trial court determined that the identity of the suspect was unknown until 2009. So the statute of limitation was tolled from 1996 until 2009, when it began running.

When the crime was committed on June 4, 1996, the statute of limitation for the prosecution of rape and aggravated sodomy was seven years. OCGA § 17-3-1 (b) (1995) ("Prosecution for . . . crimes [other than murder] punishable by death or life imprisonment [such as rape, OCGA § 16-6-1 (b) (1995), and aggravated sodomy, OCGA § 16-6-2 (b) (1995),] must be commenced within seven years after the

7

commission of the crime."). Later that same year the statute of limitation was extended to 15 years for the prosecution of rape, OCGA § 17-3-1 (b) (1996), and has been eliminated for both aggravated sodomy and rape "when deoxyribonucleic acid (DNA) evidence is used to establish the identity of the accused," provided that "a sufficient portion of the physical evidence tested for DNA is preserved and available for testing by the accused." Ga. L. 2002, p. 650, 651, § 1. See former OCGA § 17-3-1 (c.1). (In 2012, this provision was redesignated as OCGA § 17-3-1 (d). Ga. L. 2012, p. 899, § 4-1.)

So under that 1996 legislation the statute of limitation for the offenses at issue was extended to 15 years. See *State v. Barker*, 277 Ga. App. 84, 86 (2) (625 SE2d 500) (2005) (limitation period may be extended until, but only until, it expires). But in 2012 that period was shortened to the seven years that had obtained when the crime was committed.

In 2012, the General Assembly enacted comprehensive criminal justice reform legislation addressing, among other things, the state's right to appeal, courts, crimes and offenses, and criminal procedure, including the statute of limitation in criminal cases. Ga. L. 2012, p. 899, 923 § 4-1. Section 9-1 (a) of the comprehensive legislation provided that, but for exceptions not applicable here, its effective date was July 1, 2012, and that it would apply to offenses that occurred on or after that date. It then

8

provided that "[*a*]*ny offense occurring before July 1, 2012, shall be governed by the statute in effect at the time of such offense* and shall be considered a prior conviction for the purpose of imposing a sentence that provides for a different penalty for a subsequent conviction for the same type of offense, of whatever degree or level, pursuant to this Act." Ga. L. 2012, p. 949, § 9-1 (a). (Emphasis added). Under this plain language, both the rape offense and the aggravated sodomy offense are governed by the criminal statute of limitation in effect on June 4, 1996, the time the offenses were committed. See *Bishop v. State*, 341 Ga. App. 590 (802 SE2d 39) (2017) (holding that uncodified effective date of statutory amendment had the "force of law").

That statute of limitation was seven years. OCGA § 17-3-1 (b) (1995). It began to run in 2009, and it expired in 2016. Thus, prosecution of both offenses is time barred. Compare *Lynch v. State*, __ Ga. App. __ (1) (a), 2018 Ga. App. LEXIS 444 (Case No. A18A0286, decided June 28, 2018) (applying extended, 15-year statute of limitation to prosecution of 1995 rape, in case in which plea in bar was filed and case was tried before the enactment of the 2012 comprehensive criminal justice reform legislation).

Given this plain language, I reject the state's argument that the 2002 DNA amendment to the statute of limitation saves the prosecution. (In any event, that legislation only applied to the prosecution of crimes "which occur[ed] on or after July 1, 2002." Ga. L. 2002, p. 650, § 2.) And I would not reach Davis' argument that the state failed to present any evidence at the plea-in-bar hearings concerning DNA evidence. Compare *State v. Watson*, 340 Ga. App. 678, 680-682 (1) (798 SE2d 295) (2017) (physical precedent only).

The trial court's ruling must be reversed.