**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 30, 2022**

# In the Court of Appeals of Georgia

A22A0067. SCHRADER v. THE STATE.

BARNES, Presiding Judge.

This appeal contests the denial of a plea in bar. The trial court found, among other things, that the plea in bar was not timely filed. Because no reversible error has been shown in that finding, we affirm.

The background facts are as follows. In 2019, Kathryn Schrader was indicted on three counts of Computer Trespass. At a trial held in February 2020, the jury was unable to reach a unanimous verdict, so the judge presiding over the trial declared a mistrial.

Later that year, on November 6, 2020, the grand jury returned an indictment charging Schrader with six offenses: (Count 1) Computer Trespass; (Count 2) Computer Password Disclosure; (Count 3) Computer Theft; (Counts 4 and 5) two

counts of Tampering with Evidence; and (Count 6) Violation of Oath of Office by a Public Officer.[1] On December 4, 2020, Schrader was arraigned on that indictment and entered a plea of not guilty. The following month, the State moved to nolle prosse the 2019 indictment; the trial court granted that motion, entering an order on January 29, 2021.

About a week later, on February 5, 2021, Schrader filed the plea in bar contending that Counts 2 through 6 (that is, all but the "Computer Trespass" count) were barred under double jeopardy principles pursuant to OCGA §§ 16-1-7 (b)[2] and 16-1-8.

> Under OCGA § 16-1-7 (b), if several crimes (1) arising from the same conduct are (2) *known to the proper prosecuting officer at the time of commencing the prosecution* and are (3) within the jurisdiction of a single court, they must be prosecuted in a single prosecution. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes

---

[1] See generally *State v. Outen*, 324 Ga. App. 457, 459 (1), n. 1 (751 SE2d 109) (2013) ("A superseding indictment usually refers to an indictment that is returned while a valid indictment is still pending. A new indictment usually refers to an indictment returned after the pending indictment has been dismissed.").

[2] OCGA § 16-1-7 (b) ("If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . .").

which should have been brought in the first prosecution under OCGA § 16-1-7 (b). In order for this procedural aspect of double jeopardy to prohibit a prosecution, all three prongs must be satisfied.

(Citation and punctuation omitted; emphasis supplied.) *Daniels v. State*, 355 Ga. App. 134, 135-136 (843 SE2d 18) (2020); see *Maxwell v. State*, 311 Ga. 673, 676-677 (2) (859 SE2d 58) (2021) (expounding upon procedural double jeopardy). "The defendant bears the burden of proving procedural double jeopardy, and a court must make decisions based on the limited facts or representations that are currently available from the parties." *Maxwell*, 311 Ga. at 678 (2).

At a hearing held in this case, Schrader contended that the plea in bar was timely filed, and that Counts 2 through 6 were prohibited as falling within OCGA § 16-1-7 (b). The trial court rejected Schrader's positions, and denied the plea in bar.

1. As an initial matter, we note that the prohibition against double jeopardy has two aspects. See *Howard v. State*, 301 Ga. App. 230, 231 (687 SE2d 257) (2009). One aspect prohibits certain successive *prosecutions*; it is referred to as the procedural bar against double jeopardy. Id.; see *Maxwell*, 311 Ga. at 677 (2). The other aspect prohibits successive *punishments* for the same offense; it is referred to

3

as the substantive bar against double jeopardy. *Howard*, 301 Ga. App. at 231; see

*Johnson v. State*, 313 Ga. 155, 157-158 (3) (868 SE2d 226) (2022).

As indicated above, Schrader's plea in bar was based on the procedural aspect of double jeopardy.

2. Schrader contends that the trial court erred by finding that her plea was not timely raised.

The State counters that Schrader failed to comply with the deadline contained in OCGA § 17-7-110, which states in full: "All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." As the record shows, Schrader did not file her plea in bar until two months after her arraignment on the indictment charging the contested Counts 2 through 6.

(a) Schrader argued at the hearing below that OCGA § 17-7-110 did not render her plea in bar untimely. As she maintains on appeal, the double jeopardy issue did not become ripe until January 29, 2021 (when the nolle prosse order was entered, thereby ending the first prosecution). Given that premise, Schrader claims that her plea in bar – filed within ten days of when the nolle prosse order was entered – was timely, asserting further that "a Plea in Bar must be filed before trial."

Schrader's position lacks merit, however, in light of *Davis v. State*, 307 Ga. 784 (838 SE2d 233) (2020). In that case, the Supreme Court recited that "[u]nder Georgia law, a prosecution commences with the return of an indictment or the filing of an accusation";[3] the Court also defined that a "plea in bar is a challenge to the validity of an indictment"; and the Court described that the "special" plea in bar in that case – resting on its premise that, even if all the facts as alleged in the indictment are true, the defendant could not be held liable due to the applicable statute of limitation[4] – sought to "defeat the prosecutor's action completely and permanently." Id. at 786-787 (2). Further, the Court reasoned, there was nothing for a plea in bar to defeat "until either an indictment or an accusation [was] *filed.*" (Emphasis supplied.) Id. at 786 (2).

---

[3] See generally *Coalson v. State*, 251 Ga. App. 761, 764 (2) (555 SE2d 128) (2001) ("[T]he purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy.") (punctuation and footnote omitted).

[4] See generally *Davis v. State*, 347 Ga. App. 757, 757 (820 SE2d 791) (2018) ("A special plea in bar is '[a] plea that, rather than addressing the merits and denying the facts alleged, sets up some extrinsic fact showing why a criminal defendant cannot be tried for the *offense charged*.'" (Emphasis added by *Davis*, supra, quoting Black's Law Dictionary (10th ed. 2014)) (physical precedent only).

Here, Schrader sought to defeat the prosecutor's actions completely and permanently with respect to Counts 2 through 6, based upon the asserted premise that even if all the facts as alleged in those counts are true, she is shielded from prosecution by OCGA §§ 16-1-7 (b) and 16-1-8. See generally *Maxwell*, 311 Ga. at 677 (2) (summarizing that "[u]nlike constitutionally based double jeopardy, statutory procedural double jeopardy extends the concept of res judicata to the successive prosecution of different crimes arising from the same conduct in situations where the State should have prosecuted the different crimes in a single proceeding"). In light of *Davis*, 307 Ga. 784, and given the circumstances here, Schrader has established no merit in her claim that her plea based on procedural double jeopardy did not become ripe until the entry of the nolle prosse order.

(b) In support of her assertion that a plea in bar "must be filed before trial," Schrader cites *State v. Evans*, 192 Ga. App. 216, 217-221 (I) (384 SE2d 404) (1989), disapproved in part on other grounds, *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992), and *McClure v. State*, 179 Ga. App. 245 (345 SE2d 922) (1986).

In both *Evans* and *McClure*, we held that no waiver resulted from the failure to duly assert double jeopardy pleas. *Evans*, 192 Ga. App. at 220 (I); *McClure*, 179 Ga. App. at 246 (1). But such holdings pertained to claims of substantive double

6

jeopardy – not procedural double jeopardy. *Evans*, 192 Ga. App. at 219-220 (I) ("[T]he failure to file a written plea of former jeopardy prior to trial will not defeat an accused's right to be free of *multiple convictions* for the criminal act. . . . [W]e find that . . . Evans has waived any appellate claim of procedural double jeopardy, but has not waived any issue of substantive double jeopardy[.]") (emphasis in original); *McClure*, 179 Ga. App. at 246 (1) (ascertaining that the lack of a timely plea of former jeopardy "will not defeat an accused's right to be free of *multiple convictions* for the criminal act," and thus holding that "no waiver resulted from the appellant's failure to assert his former jeopardy plea prior to trial") (emphasis supplied).[5]

Moreover, as indicated above, *Evans* and *McClure* were decided in 1989 and 1986; and each reviewed whether the accused had asserted his former jeopardy plea "prior to trial." See *Evans*, 192 Ga. App. at 219 (I); *McClure*, 179 Ga. App. at 246 (1). But as the Supreme Court later expounded in *Palmer v. State*, 282 Ga. 466 (651 SE2d 86) (2007), "[t]he General Assembly adopted the statute currently codified at OCGA § 17-7-110 in 2003. It provides that '[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the

---

[5] Schrader's reliance upon *Winn v. State*, 291 Ga. App. 16 (660 SE2d 883) (2008) is likewise unavailing, because that case also determined that "[the appellant] did not waive his right to raise the substantive bar against double jeopardy." Id. at 18.

time for filing is extended by the court.'" Id. at 467. "Obviously, [the cited Court of Appeals cases decided in 1989 and 1986] did not mention the new OCGA § 17-7-110, which did not exist until 2003." Id. See generally *State v. Dempsey*, 290 Ga. 763, 766 (1) (727 SE2d 670) (2012) ("[I]n enacting OCGA § 17-7-110, the General Assembly . . . created a *new* rule that seeks a more uniform deadline for the filing of pretrial motions in criminal cases.") (emphasis supplied), statutorily superseded in part on other grounds as stated in *Batten v. State*, 352 Ga. App. 629, 630 (835 SE2d 686) (2019).

For the foregoing reasons, Schrader's reliance upon *Evans* and *McClure* is misplaced.

(c) Schrader relies on *Nicely v. State*, 305 Ga. App. 387 (699 SE2d 774) (2010), in support of her proposition that a plea in bar premised on procedural double jeopardy is not waived for failing to comply with the time requirement of OCGA § 17-7-110.

> It is true that [*Nicely*, supra, was] decided after the effective date of the new OCGA § 17-7-110. However, the statute was not raised as an issue in [*Nicely*, supra]. . . . It is axiomatic that the decisions of this Court do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and that questions which merely lurk in the record, neither brought to the attention of the court nor ruled

8

upon, are not to be considered as having been so decided as to constitute precedents.

(Footnote and punctuation omitted.) *Palmer*, 282 Ga. at 468. Here, "the plain language of the new statute gave [Schrader] ten days following [her] arraignment in which to file [her plea in bar contesting Counts 2 through 6]," id. at 467; hence, her claim that *Nicely*, supra, abrogated that statutory time requirement is unavailing. See id. at 468 (explaining that the appellate court erred by construing precedents as having effectively abrogated OCGA § 17-7-110, where that statute was not raised therein). Indeed, even before the enactment of OCGA § 17-7-110, the failure to timely file a plea in bar based on procedural double jeopardy waived the issue. See, e. g., *McCutchen v. State*, 177 Ga. App. 719, 722 (4) (341 SE2d 260) (1986) (rejecting the appellant's contention that "the trial court erred by overruling his plea of res judicata (in reality, a plea in bar of trial based on former jeopardy)," because where such "plea was not filed at the proper time, it is deemed waived"); see also, e. g., *Evans*, 192 Ga. App. at 219-220 (I); *McClure*, 179 Ga. App. 246 (1).

3. Given our holding in Division 2, supra, we do not reach Schrader's remaining challenges to the denial of her plea in bar.

*Judgment affirmed. Brown and Hodges, JJ., concur*.